Eli GRAY, Appellant,

v.

C. G. JOYCE, Jr., et al., Appellees.

No. 647.

Court of Civil Appeals of Texas, Tyler.

Aug. 31, 1972.

Rehearing Denied Oct. 5, 1972.

Robert A. Neathery, Dallas, A. D. Henderson, Palestine, for appellant.

Melvin D. Whitaker, Palestine, for appellees.

MOORE, Justice.

Appellant, Eli Gray, instituted suit against appellees, C. G. Joyce, Jr. and A. L. Roquemore, Jr., in the form of trespass to try title to three tracts of land consisting of approximately 30 acres situated in Anderson County, Texas. While the petition did not contain a formal count in trespass to try title, appellant alleged (1) that he was and is now the owner of fee simple title, (2) that he was the owner of the title by virtue of the 5, 10 and 25 year statutes of limitation under the provisions of Articles 5509, 5510, 5519 and 5519a, Vernon's Ann.Texas Statutes, and (3) that defendants Joyce and Roquemore were asserting unfounded claim to title to the lands adverse to him and were thereby casting a cloud on his title. His prayer was for the removal of the cloud from his title and for title and possession of the lands. Appellees answered with a plea of "not guilty" and alleged that they were the record owners of the fee simple title in said lands. They also asserted title by virtue of the 5, 10 and 25 year statutes of limitation under Articles 5509, 5510, 5519 and 5519a, supra. After a trial before the court without a jury, the trial court rendered a "take nothing" judgment against appellant except for a small undivided interest not in controversy here. Appellant, Eli Gray duly perfected this appeal.

We affirm the judgment.

The following facts, as disclosed by the record, show the origin and nature of the controversy: On October 31, 1960, appellees Joyce and Roquemore acquired title to the lands in controversy by a warranty deed executed by Dr. Arrie Hughes and others. Approximately ten years after the execution of the deed, appellant Eli Gray

instituted a trespass to try title suit in the District Court of Anderson County, seeking title and possession of the land in controversy. The cause was given docket No. 28932 and was styled Eli Gray v. Clarence Burks, Arrie E. Hughes, C. G. Joyce, Jr., A. L. Roquemore and others. When the cause came on for trial, Joyce and Roquemore announced "not ready," whereupon, appellant took a non-suit as to appellees Joyce and Roquemore. Appellant then proceeded to trial against the remaining defendants. On July 14, 1971, the court rendered judgment in Cause No. 28932 in favor of appellant awarding him title and possession of the lands in controversy, but expressly excepted appellees Joyce and Roquemore from the operation thereof. On September 9, 1971, appellant instituted the present suit in trespass to try title against appellees Joyce and Roquemore. The "take nothing" judgment in the present suit made the basis of this appeal was rendered against appellant on January 21, 1972.

The trial judge filed findings of fact and conclusions of law. Among other things the court found (1) that neither appellant nor anyone by or through whom he claimed had ever held possession, actual or constructive, of the land in controversy, and (2) that appellees were the record owners of the land in controversy. The court concluded that appellant failed to establish title either by adverse, prior possession or by reason of the judgment in Cause No. 28932 and that appellees were therefore entitled to judgment.

By his first point of error, appellant urges that the court erred in rendering judgment against him, because he contends the previous judgment in Cause No. 28932 had the effect of divesting title out of Dr. Arrie Hughes, et al, appellees' predecessors in title, prior to the time they conveyed the land to appellees. Therefore, he argues that the judgment in Cause No. 28932 constitutes proof showing record title to be in him by reason of the doctrine of res judi-

cata and that appellees' claim is therefore barred. We do not share this view.

In essence, appellant's suit is one in which he seeks to remove a cloud from his title caused by the 1960 deed from Dr. Hughes and others to appellees. He takes the position that since the judgment in Cause No. 28932 recited that he perfected and matured limitation title to the lands on or before January 1, 1944, the judgment had the effect of divesting title out of appellees' predecessors in title on that date and their subsequent deed to appellees dated October 31, 1960 was a nullity and constituted nothing more than a cloud on his title. He admits however that the judgment in Cause No. 28932 was not binding on appellees since he took a non-suit as to them.

Article 7391, Vernon's Annotated Texas Statutes, provides as follows:

"Any final judgment rendered in any action for the recovery of real estate shall be conclusive as to the title or right of possession established in such action upon the party against whom it is recovered, and upon all persons claiming from, through or under such party, *by title arising after the commencement of such action.*" (Emphasis supplied.)

The statute establishes a rule consistent with the principle of justice, which denies the effect of a judgment against anyone not brought before the court rendering it in some mode prescribed by law, except as to those claiming through a party to such action through inheritance or representative, or by conveyance made after the commencement of the action. Stout v. Tall, 71 Tex. 438, 444, 9 S.W. 329, 331; Village Mills Co. v. Houston Oil Co. of Texas, 186 S.W. 785 (Tex.Civ.App., Beaumont, 1916).

In Kirby Lumber Corporation v. Southern Lumber Co., 145 Tex. 151, 196 S.W.2d 387 (1946), the Supreme Court said:

"It appears to be a recognized principle of law that where, in a former suit,

an essential issue of fact has been determined and adjudicated, the judgment therein will estop the parties from relitigating the same issue in a subsequent suit between the same parties, even though the subsequent suit is upon a different cause of action. Houston Terminal Land Co. v. Westergreen, 119 Tex. 204, 27 S.W.2d 526; Stephenson v. Miller-Link Lumber Co., Tex.Com.App., 277 S.W. 1039; Hanrick v. Gurley, 93 Tex. 458, 54 S.W. 347, 55 S.W. 119, 56 S.W. 330. It is also true that the protection of such a decision as well as its restrictions extend not only to the immediate parties to the suit but also to those who stand in privity with them. 'Privity, in this connection, means the mutual or successive relationship to the same rights of property; that is to say, all persons are privy to a judgment whose succession to the rights of property therein adjudicated are derived through or under one or the other of the parties to the action, and which accrued subsequent to the commencement of the action.' Cain v. Balcom, 130 Tex. 497, 109 S.W.2d 1044, 1046; 34 C.J. 973, sec. 1391."

In Frede v. Lauderdale, 322 S.W.2d 379 (Tex.Civ.App., San Antonio, 1959, ref., n. r. e.), the court was confronted with a similar fact situation. In that case the court, speaking through Mr. Justice Pope, said:

" * * * In our opinion, a suit brought against a record owner's predecessors in title without joining the record owner is not binding upon the record owner. Otherwise, one could accomplish as much, and more easily, by suing persons who have parted with their property as by suing the record owner. Predecessors in title often have little or no real interest in a suit for lands they no longer claim to own, and, as was true in the instance of the 1941 judgment, may fail to contest the case."

In the instant case it is without dispute that at the time suit was filed in Cause No. 28932 against appellees' predecessors in title, record title had already passed to appellees. Since appellees' property rights accrued prior to the commencement of Cause No. 28932, appellees were not privy to the judgment. Not being parties to the suit, the previous judgment concluded nothing against them. Kirby Lumber Corporation v. Southern Lumber Co., supra; Campbell v. McLaughlin, 280 S.W. 189, 191 (Tex. Com.App.); Richardson v. Reid, 188 S.W. 2d 248 (Tex.Civ.App., Beaumont, 1945); Martin v. Texas Co., 89 S.W.2d 260 (Tex. Civ.App., Ft. Worth, 1935).

Appellant does not contend that he established title by adverse or prior possession. His sole and only contention on this appeal is based upon the proposition that the previous judgment in Cause No. 28932 was res judicata and therefore sufficient to prove his title. Under the foregoing authorities this proposition cannot be sustained. The previous judgment was ineffective as to appellees. They were not privy to the judgment, and for that reason the doctrine of res judicata was not applicable. Since the judgment constituted no proof of title, appellant failed to discharge his burden of establishing his title.

By the remaining points appellant challenges appellees' record title. In an action of trespass to try title, it is elementary that the plaintiff must recover upon the strength of his own title and may not rely on the weakness of the title of his adversary. 56 Tex.Jur.2d, Trespass to Try Title, Sec. 7, p. 69. Under these circumstances these points become immaterial and harmless and are therefore overruled without discussion.

The judgment of the trial court is affirmed.