**Warren G. WELLS, Appellant,**

v.

**KANSAS UNIVERSITY ENDOWMENT ASSOCIATION, Bryan Maxey, and J.B. Emmons, Appellees.**

No. 01–91–00359–CV.

Court of Appeals of Texas, Houston (1st Dist.).

Jan. 23, 1992.

Rehearing Denied March 19, 1992.

Warren G. Wells, pro se.

Joe Roady, Houston, for appellees.

Before TREVATHAN, C.J., and COHEN and O'CONNOR, JJ.

## OPINION

TREVATHAN, Chief Justice.

Warren G. Wells, appellant, appeals from a take-nothing judgment in a trespass to try title action. In three points of error, Wells argues the trial court erred in awarding the title and possession of a tract of land to appellee, Bryan Maxey. Wells contends that the judgment is not supported by proper pleadings, that there is factually and legally insufficient evidence to support the judgment, and that Maxey was judicially estopped to maintain a claim in trespass to try title. We affirm.

### 1. Background

This suit as originally filed, in 1953, was an action in trespass to try title for the recovery of title to and possession of certain lots and blocks in the Collins Tract Addition to the city of Houston, Texas. In 1961, initial disputes as to the location on the ground of the perimeter lines of the 244–acre tract were resolved. *See Kansas University Endowment Ass'n*, 162 Tex. 599, 350 S.W.2d 11 (1961). Once the location of the tract itself and its respective blocks were determined, the 129th District Court, in January 1968, ordered multiple severances to isolate particular claims to particular blocks. The dispute over title to Block 9 of the Collins Tract Addition, which is the subject of this appeal, resulted from that order and proceeded as a separate cause of action. The severance order directed each claimant to file his claim by March 22, 1968, and provided that only those parties who timely filed a claim would be permitted to proceed to trial on

the severed action. Maxey and R.E. Whitty, who is not a party to this appeal, timely filed their claims. Wells did not file a timely claim. Wells intervened in 1982, and was permitted to proceed with his claim. Thus, Maxey, Whitty, and Wells were each claiming title to Block 9.

Because each party was claiming record title, the trial court entered an order directing that each party was to stand in the position of plaintiff with respect to the remaining parties. The trial court concluded that Maxey had established a common source of title with Wells, that Maxey's title is a superior title, and that Wells failed to establish the chain of title on which he relied. The trial court vested Maxey with fee simple title to and possession of Block 9, held that Whitty and Wells take nothing by their claims, and thus, divested Whitty and Wells of any claim, right, title, or interest in the tract of land.

In three points of error, Wells argues the trial court erred in awarding title to Block 9 to Maxey because there are no proper pleadings of record by Maxey, there is factually and legally insufficient evidence to support the trial court's judgment, and because Maxey is judicially estopped to maintain his claim to Block 9.

## 2. Trespass to try title

The plaintiff in an action in trespass to try title must recover, if at all, on the strength of his or her own title and may not rely on the weakness of the defendant's title. *Reinhardt v. North*, 507 S.W.2d 589, 591 (Tex.Civ.App.—Waco 1974, writ ref'd n.r.e.); *Gray v. Joyce*, 485 S.W.2d 311, 313 (Tex.Civ.App.—Tyler 1972, writ ref'd n.r.e.). When a defendant pleads "not guilty," the defendant admits possession of the subject property and claims a better title. The burden of proof is then on the plaintiff to establish a superior title in himself by a preponderance of the evidence. *D.T. Carroll Corp. v. Carroll*, 256 S.W.2d 429, 432 (Tex.Civ.App.—San Antonio 1953, writ ref'd n.r.e.). This burden can be met by an affirmative showing of: (1) title emanating from the sovereignty of the soil; (2) a superior title in himself emanat-

ing from a common source; (3) title by adverse possession; or (4) title by prior possession coupled with proof that the possession has not been abandoned. *Land v. Turner*, 377 S.W.2d 181, 188 (Tex.1964); *Hines v. Pointer*, 523 S.W.2d 733, 738 (Tex. Civ.App.—Fort Worth 1975, writ ref'd n.r.e.). If the plaintiff fails to satisfy his burden of proof of superior title, the defendant is entitled to judgment without proving any right of title of possession. *Hejl v. Wirth*, 161 Tex. 609, 343 S.W.2d 226, 226–30 (1961).

When a plaintiff establishes a prima facia case by proof of common source in a designated individual and introduction of a deed from the individual to the plaintiff, the defendant may rebut the plaintiff's case by proving a prior conveyance by the common source to another person. *Land*, 377 S.W.2d at 183. Generally, the older title emanating from a common source is a better title and therefore is superior to all others. *Texas Consolidated Oils v. Bartels*, 270 S.W.2d 708, 712 (Tex.Civ.App.— Eastland 1954, writ ref'd). However, upon a showing that the holder of later title acquired title as a bona fide purchaser for value and without notice of an earlier existing interest, the later title has priority over the earlier. *Reserve Petroleum Co. v. Hutcheson*, 254 S.W.2d 802, 805 (Tex.Civ. App.—Amarillo 1952, writ ref'd n.r.e.). Although appellant Wells argues that he is in the position of a defendant, finding of fact number one specifically found him to be in the position of a plaintiff. The finding is unchallenged on appeal.

## 3. Sufficiency point

In his second point of error, Wells asserts there is no evidence or insufficient evidence to support the trial court's judgment or findings. We are unable to address this point because Wells did not file a timely statement of facts.

It was Wells' burden to timely secure and file in this Court a proper statement of facts, or show his inability to do so through no fault of his own after the exercise of due diligence on his part. *Nix v. Fraze*, 752 S.W.2d 118, 120 (Tex.App.—Dallas

1988, no writ); Tex.R.App.P. 53(k). Wells did not file a motion to extend the deadline for filing the statement of facts until 29 days after the last day for filing the statement of facts. Thus, this Court no longer had authority to consider the motion, and it was denied. *B.D. Click Co. v. Safari Drilling Corp.,* 638 S.W.2d 860, 862 (Tex. 1982); Tex.R.App.P. 54(a), (c). Accordingly, the transcript is the only record of the trial court proceedings available for our review.

 Without a statement of facts, we cannot decide questions regarding the sufficiency of the evidence. *Englander Co. v. Kennedy,* 428 S.W.2d 806, 807 (Tex.1968). In the absence of a statement of facts, we must presume sufficient evidence was introduced to support the trial court's findings of fact and conclusions of law and that the judgment was based upon the findings and conclusions. *Ward v. Lubojasky,* 777 S.W.2d 156, 157 (Tex.App.—Houston [14th Dist.] 1989, no writ); *Men's Wearhouse v. Helms,* 682 S.W.2d 429, 430 (Tex.App.— Houston [1st Dist.] 1984, writ ref'd n.r.e.).

Wells' second point of error is overruled.

4. Lack of proper pleading

 In his first point of error, Wells argues the trial court erred in granting judgment for Maxey because there are no proper pleadings of record by Maxey to support a judgment in a trespass to try title action. This contention is not supported by the record before us.

 To bring an action in trespass to try title, the plaintiff must file a formal petition in accordance with rule 783 of the Texas Rules of Civil Procedure. The petition must state: (1) the real names of the parties and their residences, if known; (2) a legally sufficient description of the premises; (3) the interest which the plaintiff claims in the premises; (4) that the plaintiff was in possession of the premises or entitled to such possession; (5) that the defendant unlawfully entered upon and disposed the plaintiff of the premises and withholds possession; (6) facts showing rents, profits, or damages if claimed; and (7) a prayer for the relief sought. *See Marshall v. Garcia,* 514 S.W.2d 513, 518–19 (Tex.Civ.App.—Cor-

pus Christi 1974, writ ref'd n.r.e.); Tex. R.Civ.P. 783.

The severance order entered by the trial court required each claimant to file a pleading describing the portion of Block 9 to which he claimed title, together with a statement of the theory on which the claim was based. The trial court, in its findings of fact, found that Maxey had timely filed his claim. A review of the transcript supports this finding by the trial court. The first supplemental transcript contains two pleadings filed by Maxey which comply with the requirements of rule 783. The first is entitled "Defendants Answer to Severance Order," and the second is captioned, "Answer to Cross–Actions of Marie Whitty White, et vir in severed cause." Therefore, the judgment is supported by proper pleadings.

In addition, because each party was claiming title to and possession of Block 9, the trial court ordered that each party would stand in the position of a plaintiff with respect to the remaining parties. Thus, Wells was required to properly plead his claim to title of Block 9 and Maxey was also required to answer denying Wells' allegations. Tex.R.Civ.P. 783, 784. The transcript reflects that Maxey properly filed a original answer to Wells' claim in which he pled "not guilty." Tex.R.Civ.P. 784.

 It has long been the rule in Texas that in a trespass to try title action, the plaintiff must recover upon the strength of his own title. *Hunt v. Heaton,* 643 S.W.2d 677, 679 (Tex.1982); *Hejl,* 343 S.W.2d at 226. If the plaintiff under the circumstances fails to establish his title, the effect of a take-nothing judgment against him is to vest title in the defendant. *Hejl,* 343 S.W.2d at 226.

 A party on appeal may not complain of errors which do not injuriously affect him or which merely affect the rights of others. *Jackson v. Fontaine's Clinics, Inc.,* 499 S.W.2d 87, 92 (Tex.1973); *Singleton v. Terrel,* 727 S.W.2d 688, 691 (Tex.App.—Texarkana 1987, no writ). More particularly, in a trespass to try title action, the plaintiff is not prejudiced by an

adjudication that title rest in a defendant, when the plaintiff fails to establish his own title. *Franzetti v. Franzetti*, 124 S.W.2d 195, 198–99 (Tex.Civ.App.—Austin 1939, writ ref'd).

The trial court held that Wells did not prove the chain of title on which he relied. In the absence of a statement of facts, we must presume sufficient evidence was introduced to support the trial court's findings of fact and conclusions of law. *Ward*, 777 S.W.2d at 157; *Men's Wearhouse*, 682 S.W.2d at 430. Thus, the effect of Wells having failed to establish his own title, was to vest Maxey, as a defendant, with title to Block 9. Having failed to establish his own title, Wells cannot now complain on appeal. *Hejl*, 343 S.W.2d at 226.

Wells' first point of error is overruled.

5. Judicial estoppel

In his third point of error, Wells asserts that Maxey "swore himself out of court." The crux of his argument is that Maxey is judicially estopped from claiming the property in his name. Wells contends that an affidavit and answers to interrogatories, referred to in special exceptions and a motion for summary judgment filed by Wells, constitute sufficient evidence of judicial estoppel. Apparently, Wells argues these sworn statements indicate that Maxey asserted that his "family is the owner of the Collins Tract Addition." Because a trespass to try title suit must be brought by the real party in interest, Wells contends that Maxey, having asserted that his family is the real party in interest with respect to Block 9, is now judicially estopped from maintaining a proper claim in trespass to try title. We disagree.

Under the doctrine of judicial estoppel, a party is estopped merely by the fact of having alleged or admitted in his pleadings, *in a prior proceeding under oath,* a position contrary to the assertion sought to be made. *Long v. Knox*, 155 Tex. 581, 291 S.W.2d 292, 295 (1956); *Balaban v. Balaban*, 712 S.W.2d 775, 777 (Tex. App.—Houston [1st Dist.] 1986, writ ref'd n.r.e.). Judicial estoppel does not apply to

contradictory positions taken in the same proceeding; it is called into play only in a subsequent action. *Estate of Devitt*, 758 S.W.2d 601, 603 (Tex.App.—Amarillo 1988, writ denied). Judicial estoppel is not established in the absence of any evidence that the averment, on which a claim of estoppel is based, was made in the course of other judicial proceedings. *Balaban*, 712 S.W.2d at 778.

There is no indication in the record before us that the sworn statements, on which Wells bases his claim of judicial estoppel, were received into evidence in this proceeding or that they were made during a prior judicial proceeding. Thus, Wells has failed to establish the requisite elements of judicial estoppel.

Wells' third point of error is overruled.

The judgment is affirmed.