**DIVERSIFIED, INCORPORATED, Appellant,**

v.

**James Lee HALL and Elsie Faye Hall, Appellees.**

**No. 01-98-01141-CV.**

Court of Appeals of Texas, Houston (1st Dist.).

March 9, 2000.

Rehearing Overruled June 19, 2000.

---

Richard L. Petronella, Houston, for appellant.

Preston C. Goodwin, The Woodlands, for appellee.

Panel consists of Justices COHEN, O'CONNOR, and PRICE.*

## OPINION ON REHEARING

MICHOL O'CONNOR, Justice.

Diversified, Incorporated (Diversified), the appellant, was sued by James Lee Hall and Elsie Faye Hall (the Halls), the appellees, for trespass to title, damages for cloud to title, declaratory judgment, and attorney's fees. Diversified filed a counterclaim against the Halls, in which it claimed to own an undivided one-half interest in the property. The trial court rendered summary judgment in favor of the Halls. In an opinion dated September 9, 1999, we affirmed.

Diversified has filed a motion for rehearing. We grant the motion, withdraw our opinion of September 9, 1999, and issue this opinion in its stead.

## I. Facts

### A. *The Halls Purchased the Property*

Louis and Jessie Condra acquired the residential property located at 611 Maple Way in 1955. Their deed, which was promptly recorded, stated the property was conveyed to "Louis David Condra, and wife, Jessie Condra." The Condras were divorced on April 25, 1963. As part of the divorce, Jessie Condra received title to 611 Maple Way as her separate estate, but the divorce decree was not recorded until No-

vember 14, 1996. On October 2, 1980, the Halls purchased the property from Jessie Condra (who by marriage had become Jessie Condra Bell). Their deed was recorded on October 3, 1980.

### B. *The Constable's Sale*

A judgment against Louis Condra, dated April 2, 1980 (nearly 17 years after the divorce), was recorded on May 5, 1980.[1] The property at 611 Maple Way was attempted to be sold at a constable's sale to satisfy the judgment. Diversified was the purchaser, receiving a constable's deed that conveyed "all of the estate, right, title and interest which the said Louis D. Condra had" in the property for the sum of $200. Thus, Diversified's claim of title is based solely on the constable's deed of October 20, 1980. It is undisputed that, at the time of the constable's sale, Louis D. Condra did not own any interest in the property.

The events affecting title to the property in dispute are summarized by the following chart:

| DATE | EVENT |
| --- | --- |
| March 22, 1955 | Louis and Jessie Condra acquired deed |
| March 31, 1955 | **Condras recorded their deed** |
| February 27, 1963 | Sheffield sent a letter to the divorce court stating it received a copy of the Condra divorce decree |
| April 25, 1963 | Divorce decree granted property to Jessie Condra as her separate property |
| April 2, 1980 | Sheffield obtained a judgment against Louis Condra |
| May 5, 1980 | Sheffield recorded its judgment against Louis Condra |

---

* The Honorable Frank C. Price, former Justice, Court of Appeals, First District of Texas at Houston, participating by assignment.

1. Louis Condra's judgment debtor was Sheffield Steelworkers Federal Credit Union ("Sheffield"). The Halls claimed Sheffield had notice that Louis Condra lost his ownership interest in 611 Maple Way in the divorce decree. The Halls introduced, as proof of notice to Sheffield, a letter from Sheffield that has been on file with the domestic relations court since February 28, 1963.
    The letter (dated February 27, 1963) was addressed to the domestic relations court, and was in reference to the judgment dated February 25, 1963. The letter said that Sheffield received a copy of the "judgment ... in favor of Jessie L. Condra for one half of the monies in the name of Louis D. Condra." In fact, the final judgment in the divorce action was not signed until April 25, 1963. Although it was not signed until April, the opening statement of the judgment says, "On this the 25th day of February, 1963, came to be heard...." It appears that the judgment that Sheffield referred to was a proposed judgment.

| October 2, 1980 | Jessie Condra (who became Jessie Condra Bell) sold the property to the Halls |
| October 3, 1980 | **Halls recorded their deed to property** |
| October 7, 1980 | Sheffield executed its judgment; Diversified purchased the property for $200 at constable's sale |
| October 20, 1980 | Diversified received deed from constable |
| November 14, 1996 | **April 25, 1963 Condra divorce decree recorded** |

## II. Standard of Review

Summary judgment is proper only when a movant establishes there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law. Tex.R. Civ. P. 166a(c); *Randall's Food Mkts., Inc. v. Johnson*, 891 S.W.2d 640, 644 (Tex.1995); *Marchal v. Webb*, 859 S.W.2d 408, 412 (Tex.App.—Houston [1st Dist.] 1993, writ denied). A plaintiff is entitled to summary judgment if the plaintiff conclusively establishes the elements of its claim as a matter of law. *Johnson*, 891 S.W.2d at 644; *Marchal*, 859 S.W.2d at 412.

Once the movant has established a right to a summary judgment, the burden shifts to the nonmovant. *Marchal*, 859 S.W.2d at 412. The nonmovant must respond to the motion for summary judgment and present to the trial court any issues that would preclude summary judgment. *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678 (Tex.1979); *Marchal*, 859 S.W.2d at 412.

On appeal, we cannot consider any ground for reversal that was not expressly presented to the trial court by written motion, answer, or other response to the motion for summary judgment. *Clear Creek Basin Auth.*, 589 S.W.2d at 677; *Hussong v. Schwan's Sales Enter., Inc.*, 896 S.W.2d 320, 323 (Tex.App.—Houston [1st Dist.] 1995, no writ). We will affirm the summary judgment if any of the theories advanced in the Halls' motion for summary judgment is meritorious. *See Cincinnati Life Ins. Co. v. Cates*, 927 S.W.2d

623, 626 (Tex.1996); *Cigna Ins. Co. v. Rubalcada*, 960 S.W.2d 408, 411 (Tex.App.—Houston [1st Dist.] 1998, no pet.).

## III. Trespass to Title

▮ A trespass to try title action is a procedure by which claims to title or the right of possession may be adjudicated. *Rogers v. Ricane Enterprises, Inc.*, 884 S.W.2d 763, 768 (Tex.1994). The plaintiff in a trespass to try title action must recover, if at all, on the strength of its own title and may not rely on the weakness of the defendant's title. *Id.*; *Wells v. Kansas Univ. Endowment Ass'n*, 825 S.W.2d 483, 486 (Tex.App.—Houston [1st Dist.] 1992, writ denied). The plaintiff has the burden to establish superior title by showing it has (1) title emanating from the sovereignty of the soil, (2) a superior title in itself emanating from a common source, (3) title by adverse possession, or (4) title by earlier possession coupled with proof that possession has not been abandoned. *Rogers*, 884 S.W.2d at 768; *Wells*, 825 S.W.2d at 486.

▮ Here, the Halls sought to establish superior title by showing their title and Diversified's title emanated from a common source, the Condras, and their title was the earlier title.[2] Generally, the earlier title emanating from a common source is better title and superior to others. *Wells*, 825 S.W.2d at 486. The holder of a later title will have priority over the holder of the earlier title once it is shown that the holder of the later title acquired it as a bona fide purchaser for value without notice of the earlier interest. *Id.* The Halls' motion for summary judgment sought to prove that Diversified was not an innocent purchaser for value without notice of the earlier interest.

## IV. Analysis

We must determine whether the Halls established, as a matter of law, that Diver-

---

**2.** Alternatively, the Halls argued that, if there was any defect in the title they acquired on October 2, 1980, then they owned the proper-

ty by adverse possession under the three, five, and ten-year statutory provisions of the Civil Practice and Remedies Code.

sified was not an innocent purchaser for value without notice.

The summary judgment record contains the following documents: the Condras original deed, the divorce decree conveying the property to Jessie Condra, the deed from Jessie Condra Bell to the Halls, the abstract of judgment against Louis Condra, and the constable's deed to Diversified. The Halls presented the trial court with Diversified's responses to discovery that show, other than the original $200 paid at the constable's sale, Diversified did not pay any taxes or other assessment on the property, nor did it pay for any improvements to the property. It is undisputed that, at the time of the constable's sale, Louis Condra did not own any interest in the property. Nonetheless, Diversified claims to own an undivided one-half interest in the property.

Having established their chain of title, the Halls argued to the trial court that Diversified was not a bona fide purchaser without notice. They argued that Diversified could not have received any interest in their property because Louis Condra did not have any interest in it. Upon examining the constable's deed received by Diversified, we agree. When Diversified paid $200 at the constable's sale, it received a deed that conveyed "all of the estate, right, title and interest which the said Louis D. Condra had" in the property. The deed did not contain any covenant of warranty.

We hold the constable's deed to Diversified is a quitclaim deed. *See Rogers*, 884 S.W.2d at 769 (explaining the nature of a quitclaim deed). A quitclaim deed conveys any title, interest, or claim of the grantor, but it does not profess that the title is valid nor does it contain any warrant or covenants of title. *See id.* It does not establish title in the person holding the deed, but merely passes whatever interest the grantor has in the property. *Id.* Thus, Diversified received only whatever title, interest, or claims Louis Condra had, which was nothing. Because Louis Condra had no title to the property in

question, Diversified received nothing more than a chance at title. *See id; see also Woodward v. Ortiz*, 150 Tex. 75, 237 S.W.2d 286, 291 (1951). As the purchaser of a quitclaim deed, Diversified cannot enjoy the protections afforded a bona fide purchaser, because a grantee in a quitclaim deed is not an innocent purchaser without notice. *See Woodward*, 237 S.W.2d at 291 (stating purchaser of quitclaim deed could not enjoy protection of a bona fide purchaser); *Smith v. Morris and Co.*, 694 S.W.2d 37, 39 (Tex.App.— Corpus Christi 1985, writ ref'd n.r.e.) (stating grantee in a quitclaim deed takes with notice of all defects in the grantor's title).

We conclude the Halls established, as a matter of law, that Diversified was not an innocent purchaser for value without notice.

We overrule Diversified's single issue.

We affirm the trial court's judgment.