Opinion issued June 10, 2004











     
In The
Court of Appeals
For The
First District of Texas




NO. 01-03-00278-CV




ELBAR INVESTMENTS, INC., Appellant

V.

WILLIAMSON & SEARS, L.L.P., JIMMY WILLIAMSON, WATERS &
WATERS, AND KING WATERS, Appellees




On Appeal from the 334th District Court
Harris County, Texas
Trial Court Cause No. 2001-49536A




MEMORANDUM OPINION

          This is an appeal of summary judgments rendered for third-party
defendants/appellees Williamson & Sears, L.L.P., Jimmy Williamson, Waters &
Waters, and King Waters against appellant, Elbar Investments, Inc. In its sole issue,
Elbar contends that the trial court misapplied the law and erred in rendering the
summary judgments. We affirm.
Factual & Procedural Background
          Kokee Woods Apartments, Inc., represented by Jimmy Williamson of
Williamson & Sears, L.L.P., obtained a multi-million dollar judgment against McDill
Columbus Corporation and a writ of execution against the judgment. Pursuant to the
writ, Kokee Woods sought a constable’s sale of 11 properties allegedly owned by
McDill.


 The sale was rescheduled several times, but eventually took place on
January 4, 2000. About a month earlier, Williamson had received a letter from
McDill’s attorney, who informed him that several of the properties to be posted for
sale had actually been conveyed in previous years to various owners and attached
copies of the deeds to these identified properties. 
          Sheila Mylar was one of those owners and was living at 13422 Chimney Sweep
in Houston, Texas. Williamson did nothing in response to the letter, and the sale of
all 11 properties moved forward as planned. Elbar bid on several of the properties,
as did First Capital, another company present at the sale. After the sale was
completed, Elbar and First Capital exchanged several properties and notified the
constable, who made out the deeds as requested. 
          One of the properties Elbar acquired in the swap was Mylar’s. After Elbar
unsuccessfully attempted to evict Mylar, she sued Elbar. Elbar then filed a third-party
action against the attorneys who represented the judgment creditors. Williamson and
Waters each moved for traditional summary judgment on behalf of their firms as well
as themselves. The trial court granted both motions and severed the cause, making
the summary judgments final for purposes of appeal.
Summary Judgments
          In its sole issue, Elbar contends the trial court erred in rendering summary
judgments for Waters and Williamson and their respective law firms because it
misapplied the law to the facts.
          Standard of Review
          The standard of review in an appeal from a traditional summary judgment
requires a defendant who moved for a summary judgment on the plaintiff’s causes of
action (1) to show there is no genuine issue of material fact as to at least one element
of each of the plaintiff's causes of action or (2) to establish each element of the
defendant’s affirmative defense. Cathey v. Booth, 900 S.W.2d 339, 341 (Tex. 1995). 
If there is no genuine issue of material fact, judgment should issue as a matter of law. 
Haase v. Glazner, 62 S.W.3d 795, 797 (Tex. 2001). All evidence favorable to the
nonmovant is taken as true, and we make all reasonable inferences in the
nonmovant’s favor. Id. Here, there are no disputed fact issues; rather, Elbar contends
the trial court erred by misapplying the law.
          DTPA Causes of Action
          In his pleadings, Elbar alleged violations of the Deceptive Trade Practices Act
(DTPA). See Tex. Bus. & Com. Code Ann. §§ 17.46(b)(14), (24) (Vernon Supp.
2004) (misrepresenting an agent’s authority to consummate a sale; failing to disclose
material information with the intent to induce a party into a transaction into which he
would not have entered had he known the information). To prevail under the DTPA,
a plaintiff must show that (1) the plaintiff was a consumer; (2) the defendant
committed, among other things, a “laundry-list” violation under section 17.46(b) on
which the plaintiff detrimentally relied or any unconscionable action or course of
action; and (3) the wrongful act was a producing cause of the plaintiff’s damages. 
See Tex. Bus. & Com. Code Ann. § 17.50(a) (Vernon 2002). The crux of Elbar’s
argument regarding the nondisclosure is that, had it known Mylar held a deed to the
Chimney Sweep property, it would not have bought this property at the constable’s
sale. 
          In his motion for summary judgment, Williamson contended there was only one
representation made—the notice of the constable’s sale—and that this notice did not
guarantee title. Williamson also contended he had no duty to disclose any
information to the potential buyers and, even if he had, there was no causal
connection between the information not disclosed and Elbar’s injury. In his motion
for summary judgment, Waters simply argued that neither he nor his firm requested
that the properties be posted for sale—Royce Marek, Kokee Woods’ agent, requested
it. Waters also contended that he and his firm were exempt from liability under
DTPA because they only rendered professional services. See Tex. Bus. & Com.
Code Ann. § 14.49(c) (Vernon Supp. 2004) (exempting professional services).


 
          The record reflects that Waters is correct in his assertions that neither he nor
his firm ordered the sale. In fact, neither law firm directed the constable to hold the
sale; rather, Kokee Woods’ agent Royce Marek was responsible. The real issue here,
however, is not who was directly responsible for the sale’s being conducted. The real
issue is whether the judgment creditors or their attorneys had a duty to disclose
information regarding the existence of other claims to the property being offered for
sale. Because we conclude there was no such duty, we find no error in the trial
court’s rendition of summary judgment.
          A constable’s deed is a quitclaim deed. Diversified, Inc. v. Hall, 23 S.W.3d
403, 407 (Tex. App.—Houston [1st Dist.] 2000, pet. denied). A quitclaim deed
conveys any interest of the grantor, but does not profess that title is valid; nor does
it include any warrant or covenant of title. Id. Because the deed here passed only the
interest McDill had in the property, Elbar received only that interest—nothing more
than a chance at title. See id. Moreover, the grantee of a quitclaim deed takes with
notice of all defects in the grantor’s title. Id. Thus, the nature of a constable’s sale
itself places a purchaser on notice that there may be competing claims to title. In such
circumstances, further disclosure is not necessary.
          In Apex Financial Corporation v. Garza, a case with facts very similar to those
before us, Verizon obtained a money judgment against LaCrosse in a lawsuit, had a
writ of execution issued, and conducted a sheriff’s sale of LaCrosse’s properties to
satisfy the judgment. See No. 05-03-00872-CV, 2004 WL 95203 *1 (Tex.
App.—Dallas Jan. 21, 2004, pet. filed). Apex was the highest bidder at the sale and
received a sheriff’s deed to the property. Id. LaCrosse, however, had already signed
a quitclaim deed to Garza on the property three years earlier. Id. After Garza sued
Apex to retain possession, Apex filed a third-party action against Verizon. Id. It was
later determined that LaCrosse had no title to convey, because the sale conveyed only
the right, title, and interest LaCrosse had and did not contain a warranty or covenant
of title. Id. In holding that the sheriff’s deed was not rendered void because
LaCrosse no longer had title to the property, the court noted that the buyer of a
property is charged with constructive notice of all claims of a party who is in
possession of the property. Id. at *2, *4. A buyer has the duty to ascertain the rights
of a third-party possessor when possession is visible and open. Id. at *2. Just as
Apex had constructive notice that Garza was operating a garage on the premises of
the property it purchased at the sheriff’s sale, Elbar had constructive notice that Mylar
was living in the property on Chimney Sweep.
          Because the buyer, not the judgment creditor or its attorneys, bears the burden
of discovering other claims to the property it purchases at a constable’s sale, we hold
that Waters, Williamson, and their respective firms had no duty of disclosure. 
Accordingly, Elbar cannot satisfy the elements necessary to recover under their
DTPA causes of action. We further hold that the trial court did not err in rendering
the summary judgments and severing the cause.
          We overrule Elbar’s sole issue.
          We affirm the judgment of the trial court.
 

                                                                        Evelyn V. Keyes
                                                                        Justice
 
Panel consists of Justices Nuchia, Jennings, and Keyes.