Opinion issued January 31, 2008













     





In The
Court of Appeals
For The
First District of Texas




NO. 01-06-01100-CV




EDGAR RAMIREZ RESTREPO AND GERARDO CAMPO RAMIREZ,
Appellants

V.

INGRID X. GUTIERREZ, Appellee




On Appeal from the 11th District Court
Harris County, Texas
Trial Court Cause No. 2006-43023




MEMORANDUM OPINION

          Appellee, Ingrid X. Gutierrez, sued appellants, Edgar Ramirez Restrepo and
Gerardo Campo Ramirez, for trespass to try title. In what we construe as one issue,
appellants contend that the trial court erred by granting summary judgment in favor
of appellee because a genuine issue of material fact precludes summary judgment.
          We affirm.
Facts and Procedural History
           This suit concerns property located at 2411 Elysian Street in Houston, Texas
(“the property”). In 1995, the property was conveyed by general warranty deed to
Jose Manual Ramirez (“Jose”).


 In 2001, Jose conveyed the property by “assumption
warranty deed” to “Rosa Elvira Gutierrez [(“Rosa”)],


 as Trustee for the use and
benefit of [appellee] . . . until she attains the age of 18.” The deed recites as
consideration the following: “Ten and No/100 Dollars ($10.00) and other valuable
consideration, and the assumption and promise to pay according to its terms one
certain promissory note in the original principal sum of $38,000 payable to
Washington Mutual Bank.”
          On December 12, 2005, Rosa, as trustee, conveyed the property by general
warranty deed to appellee. The deed does not mention consideration. The deed
recites that 
 
[t]he purpose of this deed is to convey legal title to the aforesaid
property to the beneficiary of the trust established by a Warranty Deed
executed on October 9, 2001 by [Jose], Grantor, and [Rosa], Grantee as
Trustee for [appellee], to terminate upon [appellee] attaining age 18. 
This deed merges legal and equitable title in [appellee] and by disposing
of all property in the trust created by the October 9, 2001 Warranty
Deed, the Trust created thereby is extinguished.
 
This deed was also recorded on December 12, 2005. 
          Appellants have apparently continued to occupy the property as the tenants of
Jose. According to appellants, appellee failed to pay the promissory note to
Washington Mutual Bank that is referenced in the 2001 transfer of the property from
Jose to Rosa, as trustee. Appellants contend that they have, themselves, paid the note
to Washington Mutual and that they therefore have superior title to the property. 
Appellants recorded a lien on the property on April 11, 2006, but its stated purpose 
was that Jose owed appellants $10,000 for having refurbished the property.
          On July 13, 2006, appellee filed a suit in trespass to try title, contending that
she is the recorded fee simple owner of the property and that appellants are
unlawfully occupying the premises. Appellants answered with a general denial. 
          On October 10, 2006, appellee moved for summary judgment on the grounds
that she has superior title to the property as a matter of law and that no genuine issue
of material fact exists. Appellee attached as evidentiary support the copies of the
deeds demonstrating a chain of title from Jose to her. 
 
          On November 6, 2006, appellants responded that summary judgment was
improper because they have made payments on the note to Washington Mutual that
were actually owed to Washington Mutual by Rosa or appellee under the 2001
“assumption warranty deed.” As evidentiary support, appellants attached copies of
the deeds; emails in Spanish containing portions of electronic banking records;
appellants’ “Claim of Lien” on the property;


 and a “Limited Power of Attorney,”
wherein Jose purported to grant to appellant Edgar Ramirez Restrepo “[r]eal estate
powers specific to [the subject property]” and “all other banking rights to Washington
Mutual [account number].”
          On November 8, 2006, the trial court granted summary judgment in favor of
appellee, awarding her title to the property. In addition, the trial court declared
appellants’ Claim of Lien void and unenforceable against appellee. 
Summary Judgment

          In what we construe as one issue, appellants contend that the trial court erred
by granting summary judgment in favor of appellee because a genuine issue of
material fact regarding who has superior title to the property precludes summary
judgment.
A.      Standard of Review and Applicable Legal Principles
          We review a trial court’s granting of a traditional summary judgment de novo. 
Natividad v. Alexsis, Inc., 875 S.W.2d 695, 699 (Tex. 1994). A summary judgment
under Rule of Civil Procedure 166a(c) is properly granted only when a movant
establishes that there are no genuine issues of material fact and that she is entitled to
judgment as a matter of law. Tex. R. Civ. P. 166a(c); Nixon v. Mr. Prop. Mgmt., 690
S.W.2d 546, 548 (Tex. 1985). In deciding whether there is a disputed material fact
precluding summary judgment, evidence favorable to the non-movant will be taken
as true and every reasonable inference must be indulged in favor of the non-movant. 
Id. at 548–49. 
          We cannot consider any ground for reversal that was not expressly presented
to the trial court by written motion, answer, or other response to the motion for
summary judgment. City of Houston v. Clear Creek Basin Auth., 589 S.W.2d 671,
677 (Tex. 1979); Diversified, Inc. v. Hall, 23 S.W.3d 403, 406 (Tex. App.—Houston
[1st Dist.] 2000, pet. denied). When a trial court does not state the basis for its
decision in its summary judgment order, as in this case, we must uphold the order if
any of the theories advanced is meritorious. State Farm Fire & Cas. Co. v. S.S. &
G.W., 858 S.W.2d 374, 380 (Tex. 1993).
          “A trespass to try title action is the method of determining title to lands,
tenements, or other real property.” Tex. Prop. Code Ann. § 22.001(a) (Vernon
2004). To prevail in a trespass-to-try-title action, a plaintiff must usually (1) prove
a regular chain of conveyances from the sovereign, (2) establish superior title out of
a common source, (3) prove title by limitations, or (4) prove title by prior possession
coupled with proof that possession was not abandoned. Martin v. Amerman, 133
S.W.3d 262, 265 (Tex. 2004); Hall, 23 S.W.3d at 406.
          A defendant in a trespass-to-try-title action “may file only the plea of ‘not
guilty,’ which shall state in substance that he is not guilty of the injury complained
of in the petition filed by the plaintiff against him, except that if he claims an
allowance for improvements, he shall state the facts entitling him to that same.” Tex.
R. Civ. P. 788. “When a defendant pleads ‘not guilty,’ the defendant admits
possession of the subject property and claims a better title.” Wells v. Kansas Univ.
Endowment Ass’n, 825 S.W.2d 483, 486 (Tex. App.—Houston [1st Dist.] 1992, writ
denied). The plaintiff then has the burden to establish superior title in herself by a
preponderance of the evidence. Id. The plaintiff is required to prevail on the
superiority of her title, not on the weakness of a defendant’s title. Martin, 133
S.W.3d at 265. If the plaintiff fails in her burden, the defendant is entitled to
judgment without proving any right of title. Wells, 825 S.W.2d at 486.
B.      Analysis
          Appellants contend that the trial court erred by granting summary judgment in
favor of appellee because a genuine issue of material fact regarding who has the
superior right to title in the property precludes summary judgment.
           The record shows that appellee appended as evidentiary support to her motion
for summary judgment copies of the deeds showing the chain of title from Jose to
appellee. This evidence shows that appellee met her burden to establish that appellee
has superior title emanating from a common source—that of Jose. See Tex. R. Civ.
P. 798 (providing that “[i]t shall not be necessary for the plaintiff to deraign title
beyond a common source”); Martin, 133 S.W.3d at 265 (stating that party may
prevail in trespass-to-try-title action by establishing superior title from common
source).
          Appellants are tenants of Jose and do not dispute the validity of appellee’s
chain of title or contend that legal title to the property was conveyed to appellants at
any point. Rather, liberally construing appellants’ brief as we must, appellants seem
to contend that there is a genuine issue of material fact regarding appellee’s title to
the property because appellants made payments to Washington Mutual on the note
that is referenced in the conveyance between Jose and Rosa. Appellants’ evidence
consists of copies of the same deeds that appellee presented, which make no mention
of appellants; emails containing portions of electronic banking records that lack the
identity of any specific account holder; and a “Claim of Lien” on the property that
does not purport to be related in any way to payments to Washington Mutual. 
Appellants also appended a “Limited Power of Attorney,” wherein Jose purported to
grant to appellant Edgar Ramirez Restrepo “[r]eal estate powers specific to [the
subject property]” and “all other banking rights to Washington Mutual [account
number].” However, appellants do not show that this document in any way vests
legal title to the property in appellants. 
          Hence, nothing in the record before us demonstrates that appellants met their
burden to show that a genuine issue of material fact exists concerning appellee’s
superior right to title in the property. The record fails to show that appellants are
anything more than tenants of the former legal title holder, Jose. Because the trial
court did not state the basis for its decision in its summary judgment order and the
record shows that appellee’s theory is meritorious, we must uphold the trial court’s
order. State Farm Fire & Cas. Co., 858 S.W.2d at 380.
          Accordingly, we overrule appellants’ sole issue.
Conclusion
          We affirm the judgment of the trial court.
 
 
                                                             Laura Carter Higley 
                                                             Justice
 
Panel consists of Justices Nuchia, Hanks, and Higley.