# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

### NO. 03-07-00703-CV

**Justin Belt, Appellant**

**v.**

**Point Venture Property Owners' Association, Inc., Appellee**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 147TH JUDICIAL DISTRICT
### NO. D-1-GV-86-405404, HONORABLE JOHN K. DIETZ, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Appellant Justin Belt brings this appeal *pro se* from an order to disburse the excess proceeds from a tax foreclosure sale of property to appellee Point Venture Property Owners' Association, Inc. ("PVPOA"). *See* Tex. Tax Code Ann. § 34.04 (West 2008). For the reasons that follow, we affirm the trial court's order.

The underlying suit was brought in 1986 by various taxing units[1] to recover delinquent taxes, penalties, and interest owed on property commonly known as 300 Firestone Circle (the "Property") in the Point Venture subdivision against Richard M. Fassett and Guadalupe Fassett, the owners of the Property. On April 10, 2002, the trial court entered judgment for the taxing units and ordered the clerk to issue an order of sale. The clerk thereafter issued an order of sale, the

---

[1] The taxing units were Travis County, Lago Vista Independent School District, County Education District, Travis County Emergency Services District No. 1, and Travis County Farm to Market Road and Water Control Improvement District-Point Venture.

Property was sold at a foreclosure sale in May 2007, and the excess proceeds from the sale of $12,222.22 were deposited with the clerk of the court.

In June 2007, PVPOA filed a petition asserting a claim to the excess proceeds based on past-due property owners' association fees owed on the Property. PVPOA asserted that "Richard M. Fassett and/or Justin Belt have failed to pay the Club Fund Charges, Special Assessment Fees, Late Fees, and Attorney Collection Fees" on the Property "for the following years and in the following amounts: Year 2002 in the amount of $9,385.00; Year 2003 in the amount of $1,014.00; Year 2004 in the amount of $960.00; Year 2005 in the amount of $960.00; Year 2006 in the amount of $960.00; Year 2007, through May 1, 2007, in the amount of $400.00; for a total of $13,679.00."[2] PVPOA claimed that the past-due fees were secured by a lien on the Property as provided for in the subdivision's deed restrictions.

The subdivision's deed restrictions establish a "Venture Yacht and Country Club Charge" secured by a lien on each property:

> In order to secure the payment of the Club Fund charge hereby levied, a vendor's lien shall be and is hereby reserved in the Deed from the Developer to the purchaser of each lot or portion thereof, which lien shall be enforceable through appropriate judicial proceedings by the Developer.

---

[2] PVPOA's petition to recover excess proceeds was supported by an affidavit from PVPOA's general manager with attached business records. PVPOA's general manager averred that he was the custodian of records and that the business records showing the outstanding fees owed on the Property were kept in the regular course of business. Although Belt argues in his briefing to this Court that PVPOA's claim was for "approximately 21 years of alleged, unpaid property owners' association dues," Belt did not offer evidence to support this argument or contrary evidence to PVPOA's affidavit and business records.

2

PVPOA's bylaws define "Club Fund Charge" to include "[d]ues, assessments, interest, late charges, maintenance fees, maintenance fund, and club fund charges." The deed restrictions were recorded in the Travis County real property records.

Justin Belt also filed a petition asserting a claim to the excess proceeds as a former owner of the Property. Belt purchased the Property from Richard M. Fassett and Guadalupe Fassett by "Quitclaim Deed" in July 2006. The trial court held two hearings on the competing petitions to the excess proceeds, and, at the conclusion of the second hearing, the trial court ordered the excess proceeds disbursed to PVPOA. This appeal followed.

Belt contends that the trial court erred in ordering the excess proceeds from the foreclosure sale disbursed to PVPOA, raising the identical eight issues[3] that Robert Belt raises in *Robert Belt v. Point Venture Property Owners' Association, Inc.*, cause number 03-07-00701-CV. Both causes involve competing claims to excess proceeds from the tax foreclosure sale of property and are similar factually except as to the parties, properties, and amounts in the underlying tax sale and as to the deeds of conveyance. Justin Belt purchased the Property by "Quitclaim Deed," and Robert Belt purchased property by "Deed Without Warranty," with specific language that the property was conveyed with "all existing encumbrances, debts, liens, taxes, and property owners'

---

[3] In his first and sixth issues, Justin Belt asserts that the applicable limitations period bars PVPOA's lien claim to the excess proceeds. In his second issue, Belt contends that PVPOA's remedy was to bring suit to collect past-due association fees, not to seek recovery of the excess proceeds from a tax foreclosure sale. In his third, fourth, and fifth issues, Belt contends that sections of the property and tax codes extinguished or voided PVPOA's lien claim for past-due fees and, if the sections did not, PVPOA's lien claim passed to the purchaser at the tax foreclosure sale. In his seventh issue, Belt contends that trial court errors resulted in an incorrect decision and, in his eighth issue, Belt contends that, because Belt was a former owner of the Property, the trial court should have ordered the excess proceeds distributed to him pursuant to priorities in the tax code.

3

association dues." Although the quitclaim deed does not contain this specific language, a quitclaim deed conveys only "whatever interest the grantor has in the property." *See Diversified, Inc. v. Hall*, 23 S.W.3d 403, 407 (Tex. App.—Houston [1st Dist.] 2000, pet. denied) ("As the purchaser of a quitclaim deed, [a purchaser] cannot enjoy the protections afforded a bona fide purchaser, because a grantee in a quitclaim deed is not an innocent purchaser without notice."); *see also Geodyne Energy Income Prod. P'ship I-E v. Newton Corp.*, 161 S.W.3d 482, 487 (Tex. 2005) (explaining nature of quitclaim deed). We conclude that the factual differences in the two causes do not change our analysis of the issues raised in *Robert Belt v. Point Venture Property Owners' Association, Inc.*, cause number 03-07-00701-CV.

Because the issues raised in each appeal are identical, for the reasons stated in our opinion dated this day in *Robert Belt v. Point Venture Property Owners' Association, Inc.*, cause number 03-07-00701-CV, we overrule Belt's issues and affirm the trial court's order disbursing the excess proceeds to Point Venture Property Owners' Association, Inc.

_____

Jan P. Patterson, Justice

Before Justices Patterson, Puryear and Henson

Affirmed

Filed:   July 30, 2008

4