Rodney GORDON, Appellant

v.

WEST HOUSTON TREES,
LTD., Appellee.

No. 01–09–00269–CV.

Court of Appeals of Texas,
Houston (1st Dist.).

April 28, 2011.

Marcellous S. McZeal, for Rodney Gordon.

Russell C. Jones, for West Houston Trees, Ltd.

Panel consists of Justices KEYES, HIGLEY, and BLAND.

For majority opinion, see 352 S.W.3d 32.

## DISSENTING OPINION

LAURA CARTER HIGLEY, Justice.

Because it appears to me that the majority opinion incorrectly identifies Gordon's claim against West Houston Trees and misapplies the law related to suits to quiet title, I respectfully dissent in part and concur in the judgment only in part.

## Gordon's Claim

The majority identifies Gordon's claim against West Houston Trees as a wrongful foreclosure claim. This is incorrect.

While he stated in the introductory paragraph of his petition that "his property was wrongfully foreclosed on pursuant to an invalid lien," Gordon never otherwise identifies what his cause of action against West Houston Trees was. Instead, he provided an Arguments and Authorities section where he claimed that the abstract of judgment filed by West Houston Trees was ineffective in creating a lien on the property. Gordon stated in his petition that he was seeking (1) a rescission of the foreclosure sale; (2) a correction of the property records to show him as the true owner of the property; and (3) attorneys' fees.

Texas follows a "fair notice" standard for pleading. *Horizon/CMS Healthcare Corp. v. Auld*, 34 S.W.3d 887, 896 (Tex. 2000); *see also* TEX.R. CIV. P. 45. "Generally, a pleading provides fair notice of a claim when an opposing attorney of reasonable competence can examine the pleadings and ascertain the nature and basic issues of the controversy and the relevant testimony." *Wortham v. Dow Chem. Co.*, 179 S.W.3d 189, 198 (Tex.App.-Houston [14th Dist.] 2005, no pet.) (citing *Auld*, 34 S.W.3d at 896). The court looks to the pleader's intent and will uphold the pleading as to a cause of action even if some element of that cause of action has not been specifically alleged. *See Auld*, 34 S.W.3d at 897. When, as here, the defendant does not specially except to the petition, the petition is construed liberally in favor of the pleader. *Id.* But, "liberally" does not require a court to read into a petition what is plainly not there. *Wortham*, 179 S.W.3d at 199.

The majority identifies Gordon's claim as a wrongful foreclosure claim. The elements for wrongful foreclosure when the plaintiff seeks to set aside the sale are (1) a defect in the foreclosure sale proceedings; (2) a grossly inadequate selling price; and (3) a causal connection between the defect and the grossly inadequate selling price. *See Charter Nat'l Bank–Houston v. Stevens*, 781 S.W.2d 368, 371 (Tex. App.-Houston [14th Dist.] 1989, writ denied). Even assuming that the abstract of judgment was invalid and that the invalidi-

ty of that lien could constitute a defect in the foreclosure sale proceedings, nowhere in any of the filings at trial or on appeal does Gordon allege or argue that there was a grossly inadequate selling price at the foreclosure sale. As a result, there is also no argument that there is a causal connection between the defect and the grossly inadequate selling price.

Because at least two of the three elements necessary for a wrongful foreclosure action are not mentioned or implied, I would hold that, despite the relief that Gordon asks for from the court, Gordon has not alleged a wrongful foreclosure action. Additionally, because the majority does not cite or analyze the elements for wrongful foreclosure, the majority appears to concede that Gordon did not in fact assert a wrongful foreclosure claim.

Gordon also asserted that he sought a correction of the property records to show him as the true owner of the property. Two causes of action relate to disputes over title to property: trespass to try title and suit to quiet title.

"A trespass to try title action is the method of determining title to lands, tenements, or other real property." TEX. PROP. CODE ANN. § 22.001(a) (Vernon 2000). Rival claims to title or right of possession may be adjudicated in a trespass to try title action. *King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 755 (Tex.2003). The plaintiff in a trespass to try title action must recover, if at all, on the strength of its own title and may not rely on the weakness of the defendant's title. *Rogers v. Ricane Enters., Inc.*, 884 S.W.2d 763, 768 (Tex.1994); *Diversified, Inc. v. Hall*, 23 S.W.3d 403, 406 (Tex.App.-Houston [1st Dist.] 2000, pet. denied). "The plaintiff has the burden to establish superior title by showing it has (1) title emanating from the sovereignty of the soil, (2) a superior title in itself emanating from a common

source, (3) title by adverse possession, or (4) title by earlier possession coupled with proof that possession has not been abandoned." *Diversified*, 23 S.W.3d at 406. Because a plaintiff must recover on the strength of his title, the effect of a trespass to try title action is to establish the validity of the plaintiffs claim of title. *See Rogers*, 884 S.W.2d at 768 (holding plaintiff must recover on strength of his title).

In contrast, a suit to quiet title—also known as a suit to remove cloud from title—relies not on the validity of the plaintiff's claim but on the invalidity of the defendant's claim. *See Longoria v. Lasater*, 292 S.W.3d 156, 165 n. 7 (Tex.App.-San Antonio 2009, pet. denied). A suit to quiet title exists "to enable the holder of the feeblest equity to remove from his way to legal title any unlawful hindrance having the appearance of better right." *Bell v. Ott*, 606 S.W.2d 942, 952 (Tex.App.-Waco 1980, writ ref'd n.r.e.) (quoting *Thomson v. Locke*, 66 Tex. 383, 1 S.W. 112, 115 (1886)). A cloud on title exists when an outstanding claim or encumbrance is shown, which on its face, if valid, would affect or impair the title of the owner of the property. *Hahn v. Love*, 321 S.W.3d 517, 531 (Tex.App.-Houston [1st Dist.] 2009, pet. denied). The effect of a suit to quiet title is to declare invalid or ineffective the defendant's claim to title. *See id.* (holding plaintiff bears the burden of establishing the adverse claim is a cloud on title that equity will remove).

Here, Gordon argues that both he and West Houston Trees claim ownership of the property from a common source: Gordon's father. Although he argues that West Houston Trees's claim of ownership is invalid, he ultimately seeks "to correct the property records" in order to declare him as "the true owner of the property." I would hold that Gordon has asserted a trespass to try title claim. *See Diversi-*

*fied,* 23 S.W.3d at 406 (holding plaintiff must show superior title in itself emanating from common source); *Rogers,* 884 S.W.2d at 768 (holding plaintiff must recover on strength of his title).

Nevertheless, I agree with the majority that the trial court was correct in granting summary judgment against Gordon on his claim.

### West Houston Trees' Suit to Quiet Title

As the majority correctly holds, in order to prevail on a suit to quiet title, the plaintiff must plead and prove the existence of a claim that (1) constitutes a hindrance having the appearance of a better right; (2) appears to be valid on its face; and (3) for reasons not apparent on its face, is not valid. *Bell,* 606 S.W.2d at 952; *Hahn,* 321 S.W.3d at 531. A suit to quiet title relies not on the validity of the plaintiff's claim but on the invalidity of the defendant's claim. *See Longoria,* 292 S.W.3d at 165 n. 7.

The majority recognizes that, when a judgment lien attaches to property, "a subsequent purchaser of the property purchases it subject to the judgment lien." *See W. Trinity Props., Ltd. v. Chase Manhattan Mortg. Corp.,* 92 S.W.3d 866, 870 (Tex.App.-Texarkana 2002, no pet.) (holding subsequent purchaser takes property subject to prior lien). The majority also recognizes, "If an abstract of judgment does substantially comply with the statutory requirements and the other statutory formalities are followed for filing the abstract, then a lien is created that is superior to the rights of subsequent purchasers and lienholders." *See Rogers v. Peeler,* 271 S.W.3d 372, 375 (Tex.App.-Texarkana 2008, pet. denied). The majority then correctly holds that West Houston Trees' abstract of judgment substantially complied with the statutory requirement, creating a judgment lien that attached to the property in question on the date it was filed in the county records.

All of the purported conveyances from Gordon's father to Gordon occurred after the date the abstract of judgment was filed in the county records. As the majority recognizes, the execution lien relates back to the judgment lien. *Won v. Fernandez,* 324 S.W.3d 833, 835 n. 3 (Tex.App.-Houston [14th Dist.] 2010, no pet.). It follows, then, that any conveyance from Gordon's father to Gordon was made subject to West Houston Trees' earlier and, therefore, superior lien. *See W. Trinity Props.,* 92 S.W.3d at 870 (holding subsequent purchaser takes property subject to prior lien); *Wilson v. Dvorak,* 228 S.W.3d 228, 233 (Tex.App.-San Antonio 2007, pet. denied) (holding properly recorded and indexed abstract of judgment creates lien that is superior to rights of subsequent purchasers). Even if the purported conveyance from Gordon's father to Gordon was invalid, this invalidity does not create a cloud on title.[1] An invalid conveyance that is subject to a superior lien creates no more of a hindrance on the superior lien than a valid conveyance would.

The inevitable conclusion that follows from these holdings in the majority opinion is that Gordon's claims to title do not and cannot constitute "a hindrance having the appearance of a better right" because West Houston Trees' lien was *superior to* any conveyance of the property by Gordon's father and any conveyance was *subject to* the lien. Because, by the majority's own reasoning, West Houston Trees did not meet its burden of proving that any purported conveyances from Gordon's fa-

---

1. Because I determine that the validity of the three documents on which Gordon relies is irrelevant, I express no opinion on whether they are, in fact, invalid.

ther to Gordon had the appearance of a better right, this Court cannot affirm the trial court's granting of summary judgment on West Houston Trees' cause of action based on a suit to quiet title.

Nevertheless, the majority asserts that the purported conveyance from Gordon's father to Gordon "appears to record a valid earlier purchase of the property by Gordon" and, accordingly, creates a cloud on West Houston Trees' title. This does not comport with the majority's other holdings. A conveyance in property cannot both be subject to an earlier lien and create a hindrance on that lien. The fact that the documents purportedly conveying the property predate the execution deed is irrelevant, as the majority recognizes in other parts of its opinion, because the execution deed relates back to the judgment lien. *See Won*, 324 S.W.3d at 835 n. 3 (holding date of execution lien relates back to date of judgment lien, giving judgment creditor priority over parties with subsequent claims).

Instead, I would construe West Houston Trees' suit for declaratory judgment as a suit for trespass to try title and affirm on that ground. When a party attempts to bring a trespass to try title claim as a declaratory judgment action, it is treated as a trespass to try title claim. *Martin v. Amerman*, 133 S.W.3d 262, 267 (Tex.2004). "The plaintiff has the burden to establish superior title by showing it has (1) title emanating from the sovereignty of the soil, (2) a superior title in itself emanating from a common source, (3) title by adverse possession, or (4) title by earlier possession coupled with proof that possession has not been abandoned." *Diversified*, 23 S.W.3d at 406.

West Houston Trees sought summary judgment on its action for declaratory relief, seeking a declaration that (1) it had valid title that was superior to Gordon's and (2) the Sale Agreement, the Quit Claim Deed, and the Amended Warranty Deed created a cloud on its otherwise valid title. While the second requested declaration is identical to the relief it seeks under its suit to quiet title, the first requested declaration is identical to a trespass to try title claim. *See* TEX. PROP.CODE ANN. § 22.001(a) (declaring trespass to try title action is method of determining title to land). As the majority has established, Gordon's and West Houston Trees' claims for title emanate from a common source and, by virtue of the fact that West Houston Trees' abstract of judgment substantially complied with the statutory requirements, West Houston Trees' claim to title was valid and superior to Gordon's claim. I would reverse the trial court's granting summary judgment on West Houston Trees' suit to quiet title, construe West Houston Trees' suit for declaratory judgment as a suit for trespass to try title, and affirm the trial court's granting summary judgment on this claim.

### West Houston Trees' Suit for Filing a Fraudulent Document

Section 12.002 of the Texas Civil Practice and Remedies Code provides a cause of action and remedy against a party that files a fraudulent lien or document that claims an interest in real or personal property. TEX. CIV. PRAC. & REM.CODE ANN. § 12.002(a) (Vernon Supp.2010). I agree with the majority that West Houston Trees failed to establish that Gordon knew that the documents he filed were fraudulent claims against real property.

### Conclusion

Like the majority, I would affirm the trial court's granting summary judgment against Gordon on his claim—though it should be properly characterized as a trespass to try title claim—and reverse the

trial court's granting summary judgment in favor of West Houston Trees on its suit for filing a fraudulent document. Unlike the majority, I would reverse the trial court's granting summary judgment in favor of West Houston Trees on its suit to quiet title claim. I would also treat West Houston Trees' declaratory judgment as a trespass to try title claim and affirm the trial court's granting summary judgment in favor of West Houston Trees on that claim.

Justice HIGLEY, dissenting in part and concurring in judgment only in part.