David C. INMAN et al., Appellants,

v.

Winfield Scott ORNDORFF, Jr. et ux., Appellees.

No. 17591.

Court of Civil Appeals of Texas, Houston (1st Dist.).

Feb. 21, 1980.

R. V. Hebisen, Houston, for appellants.

Bruce S. Powers, Houston, for appellees.

Before COLEMAN, C. J., and EVANS and DOYLE, JJ.

COLEMAN, Chief Justice.

This is an appeal from a judgment ordering the cancellation of a constable's deed to a certain property. Both the plaintiffs, Winfield Scott Orndorff and Ann Lou Orndorff (herein referred to as Orndorff), and the defendants, David C. Inman and Richard C. Inman (herein referred to as Inman), complain of the judgment or parts thereof. The case was tried to the court without a jury. Findings of fact and conclusions of law were filed.

Orndorff brought suit to remove from their title to Lot one, Block two, Section one of Hammersmith Addition, Houston, Harris County, Texas, the cloud which they assert was created by a constable's deed to the Inmans pursuant to the judicial foreclosure of a mechanic's and materialman's lien.

On and prior to August 31, 1967, Jack Coogan was the owner of the property in question. On April 27, 1967, Inman had commenced work on improvements being constructed on the property at the request of Richard Dawson. On August 31, 1967, Coogan conveyed the property to Dawson, retaining a vendor's lien which was subsequently assigned to the First National Bank of Baytown. Dawson contemporaneously granted a deed of trust lien to that bank.

Inman completed work on the property on October 11, 1967, and filed a mechanic's and materialman's lien on October 23, 1967. On March 15, 1968, Inman filed suit against Dawson seeking a judgment for the labor and material furnished in constructing the improvements on the property and for foreclosure of his mechanic's lien. Judgment was entered for Inman in that suit on December 1, 1971, for $1,867 plus attorney's fees and interest. In addition the lien was

foreclosed and the property ordered sold. At a constable's sale held pursuant to the judgment of foreclosure the Inmans bid in the property for $1,000.

On July 3, 1968, the First National Bank of Baytown purchased the property at a trustee's sale held under the authority of the deed of trust executed by Dawson to secure the purchase money loan. Thereafter the Bank conveyed the property to Bruce R. Merrill and LaVeada Merrill, who in turn conveyed to the appellees.

■ The determination of which party has superior title to the property in question depends upon the priority as between the Inman mechanic's lien and the First National Bank of Baytown's vendor's lien. Subsequently perfected mechanic's and materialman's liens will relate back to the date of a general contract for a building or other improvement between the owner of the land and a contractor to the construction of which the mechanic or materialman contributed. The owner of the land to be affected must be a party to the contract creating the lien. A stranger to the title cannot create a valid lien on land. *Hubert Lumber Company, Inc. v. King,* 468 S.W.2d 503 (Tex.Civ. App.—Houston [1st Dist.] 1971, writ ref'd n. r. e.).

■ A mechanic's and materialman's lien attaches to the interest of the person contracting for the construction. A person contracting with a mechanic or a materialman must have some interest in the property either legal or equitable upon which the lien may attach. *Diversified Mortgage Investors v. Blaylock,* 576 S.W.2d 794 (Tex. 1978).

■ There is no evidence that Richard Dawson was the owner of the subject property on April 27, 1967, or at any time prior to August 31, 1967. There is no evidence that prior to August 31, 1967, Richard Dawson was the agent of or trustee for Jack Coogan. There is nothing in the evidence to show that the improvements were placed on the subject land under a contract with the owner of the land. The lien did not attach to the land prior to its purchase by

Richard Dawson. *Schneider v. Delwood Center, Inc.,* 394 S.W.2d 671 (Tex.Civ.App. —Austin 1965, writ ref'd n. r. e.).

The title to the subject property passed to Richard Dawson burdened by the deed of trust and security interest of the First National Bank of Baytown. The superior title was held by the Bank. That superior title was secured by the deed of trust, and foreclosure and sale thereunder was effective to cut off any inferior lien on the land. The Inman mechanic's lien was subordinate and inferior to the deed of trust lien and the purchaser at the trustee's sale acquired title to the property free of the claims of Inman. *Irving Lumber Company v. Alltex Mortgage Company,* 468 S.W.2d 341 (Tex.1971).

Since Inman's lien was no longer valid at the time of the constable's sale, the purchaser at that sale acquired no title to the property. The recordation of the deed to Inman issued by the constable created a cloud upon the title owned by Orndorff which he was entitled to have removed.

Inman asserts that the trial court lacked jurisdiction to set aside the execution sale and the constable's deed. He cites the general rule that actions in equity to set aside an execution sale must be brought in the court out of which the writ was issued, even though the validity of the judgment itself is not questioned. See *Hillkee Corporation v. Harrell,* 573 S.W.2d 558 (Tex.Civ.App.— Texarkana 1978, writ ref'd n. r. e.).

■ The rule relied upon, however, is not applicable in this case. Orndorff derived his title through the First National Bank of Baytown from Jack Coogan. Neither Coogan nor the Bank was a party to the suit foreclosing the Inman mechanic's lien, nor were the subsequent grantees in the Orndorff's chain of title parties. The decree in that case did not purport to divest Orndorff's rights in the property, nor the rights of any party in Orndorff's chain of title, but merely foreclosed the interest, if any, of Richard C. Dawson and ordered the sale of his right, title and interest in that property. The constable's deed conveyed no more. The trial court had jurisdiction of the cause

of action seeking to set aside the constable's deed as a cloud on Orndorff's title. *Carey v. Looney,* 113 Tex. 93, 251 S.W. 1040 (1923).

Orndorff's cross point will be sustained and the judgment will be modified to decree that the cloud cast on the title of Orndorff to the subject property by the deed issued by the constable to Inman be removed.

The judgment is modified and as modified is affirmed.