**Appeal Dismissed in Part, Affirmed, and Memorandum Opinion filed April 18, 2019.**



In the

# Fourteenth Court of Appeals

---

## NO. 14-17-00431-CV

---

### JOE ALFRED IZEN, JR.; RAY EDWARDS; AND BONNIE EDWARDS, Appellants

### v.

### KENNETH E. RYALS, TRUSTEE OF THE EAST TEXAS INVESTMENTS TRUST, Appellee

---

**On Appeal from the 55th District Court
Harris County, Texas
Trial Court Cause No. 2014-43610A**

---

## M E M O R A N D U M   O P I N I O N

This is a dispute over real estate. The trial court granted summary judgment in favor of appellee Kenneth E. Ryals, Trustee of the East Texas Investments Trust (the "Trust"), and declared that as between the Trust and appellant Joe Alfred Izen, Jr., the Trust owned the property. The trial court later severed the Trust's title and

declaratory-judgment claims against Izen and made the summary judgment final and appealable. Izen's primary issue on appeal is whether the trial court erred by granting summary judgment in favor of the Trust.

Because there is no final, appealable judgment for our review as to appellants Ray Edwards and Bonnie Edwards, we dismiss their interlocutory appeal. We overrule Izen's issues[1] and affirm the trial court's judgment.

## I. BACKGROUND

This case involves an approximately 3.4-acre tract of land along the Eastex Freeway in Houston (the "property"). The Trust acquired title to the property by general warranty deed in 2002. This property was at issue in two prior suits, one in 2004 in Harris County Civil Court of Law No. 1 and one in 2007 in the 55th District Court of Harris County. Both cases resulted in final judgments in which the Trust was adjudicated to be the title owner of the property. In both cases, Izen was the attorney who represented the Trust. The 2007 case was captioned: "No. 2007-63116, Lisa Ogden, Steven Gayle, and Wayne Westbrook, Plaintiffs and Counter-Defendants vs. Kenneth Ryals as Managing Trustee of East Texas Investment[s] Trust, Defendant and Counter-Plaintiff." In pertinent part, the final judgment in the 2007 case, signed July 29, 2010, ordered that:

- Ryals, as trustee for the Trust, have and recover title in fee simple to the real estate against and from Ogden, W. Westbrook, and Gayle who take nothing on their claim for trespass to try title;

- Ryals, as trustee for the Trust, recover reimbursement of $160,000 from the Trust for attorney's fees owed to Izen for various legal services performed for the Trust;

- Ryals, as trustee for the Trust, recover reimbursement of $8,000

---

[1] We lack jurisdiction to review Izen's issue relating to the trial court's granting of the Trust's motion to expunge notice of lis pendens and for temporary injunction.

from the Trust for ad valorem taxes he paid and advanced for the benefit of the Trust;

- Ryals, as trustee for the Trust, have and recover against Ogden, W. Westbrook, and Gayle attorney's fees owed to Izen for services performed for the Trust in this case in the amount of $60,000;

- the real estate awarded to the Trust by this judgment be sold at public auction;

- Ryals pay Izen $160,000 and reimburse Ryals $8,000 out of the first proceeds of such sale after payment of the sale costs; and

- Ryals, as trustee for the Trust, have all writs, including writs of execution and possession, necessary for the enforcement of the judgment.

In 2012, this court affirmed the July 2010 final judgment. *Ogden v. Ryals*, No. 14-10-01052-CV, 2012 WL 3016856, at *1, *6 (Tex. App.—Houston [14th Dist.] July 24, 2012, no pet.) (mem. op.). Izen also represented the Trust in that appeal.

In April 2013, Izen filed for the issuance of a writ of execution. On June 4, 2013, the Harris County Precinct One constable held a sale of the property under the writ of execution. Izen was the successful bidder and received a constable's deed dated October 28, 2013, and filed November 21, 2013. The constable's deed states in pertinent part:

> On . . . the 4th day of June, 2013 . . . , I sold said hereinafter described land and premises at public venue . . . , and the premises hereinafter described were sold to JOE ALFRED IZEN for the bid of Two Hundred Forth Thousand and No/100($240,000.00), Dollars . . . .
>
> . . . I . . . have granted, sold and conveyed, and by these presents do grant, sell and convey unto the said JOE ALFRED IZEN all of the estate, right, title and interest which the said LISA OGDEN, WAYNE WESTBROOK, AND STEVEN GAYLE had of, in and to the following land . . . .

In 2014, CIG DT Holding, LLC, a cell phone tower company (the "Cell

Tower"), brought an interpleader suit against Izen and the Trust, alleging that the Cell Tower was leasing a portion of the property and that both Izen and the Trust had demanded the Cell Tower make the 2014 annual rent payment to them. The Cell Tower requested that the trial court allow the rent to be paid into the court's registry.

The Trust asserted counterclaims against the Cell Tower for recovery of rent, possession of the tract, declaratory relief canceling the lease or determining rights and obligations under the lease, and attorney's fees. The Trust alleged that Izen represented to the Cell Tower and Ray Edwards and Bonnie Edwards[2] that he is the owner of the property, collected rent from the Edwardses, and attempted to collect rent from the Cell Tower. The Trust asserted cross-claims against Izen for an accounting of rent collected, recovery of rent, declaratory relief canceling any lease, and attorney's fees. The Trust also asserted cross-claims against Izen for trespass to try title, breach of fiduciary duty, cancellation of the constable's deed, disgorgement of fees, and slander of title. The Trust alleged that the Edwardses were using and occupying the land without paying rent to the Trust. The Trust brought third-party claims against the Edwardses for recovery of rent, possession of the tract, declaratory relief canceling any lease, and attorney's fees.

Izen asserted cross-claims against the Trust and third-party claims against Ryals individually for breach of contract, malicious prosecution, declaratory relief regarding the invalidity of a $25,000 lien asserted by Ryals on the property, defamation, and confirmation of the constable's sale and deed.

The Edwardses asserted a third-party claim against the Trust for filing frivolous claims and sought attorney's fees as sanctions.

The case initially proceeded in the 80th District Court of Harris County and

---

[2] The record consistently refers to the Edwardses as "d/b/a Big Man Diesel."

4

was transferred to the 55th District Court by agreed order signed February 25, 2016.

In April 2016, the Trust filed a traditional motion for partial summary judgment on "its trespass to try title and to quiet title claims"[3] against Izen. The Trust argued that it was entitled to summary judgment as a matter of law because it could conclusively prove there were no genuine issues of material fact as to all the elements of its claims. The Trust further requested that the trial court declare the Trust the owner of the property and declare Izen's constable's deed invalid.

Izen and the Edwardses filed a response, a traditional cross-motion for partial summary judgment, and a no-evidence motion for summary judgment. Izen and the Edwardses also filed a plea to the jurisdiction.

The trial court initially signed an order granting the Trust's traditional motion for partial summary judgment on June 6, 2016.[4] On June 6, 2016, the trial court signed an order denying Izen's and the Edwardses' traditional cross-motion for partial summary judgment and no-evidence motion for summary judgment.[5] The Trust filed a motion to modify to correct two typographical errors in the June 6 order granting its traditional motion for partial summary judgment. The trial court granted the motion to modify, set aside the summary judgment signed on June 6, and entered an amended order. In its amended order signed July 25, 2016, the trial court stated that the Trust asked the court to grant summary judgment on its trespass-to-try-title and quiet-title claims against Izen. The trial court granted the Trust's traditional

---

[3] A suit to quiet title and a trespass-to-try-title claim are both actions to recover possession of land unlawfully withheld; a quiet-title suit is an equitable remedy and a trespass-to-try-title suit is a legal remedy afforded by statute. *See Lance v. Robinson*, 543 S.W.3d 723, 738–39 (Tex. 2018) (citing *Cameron Cty. v. Tompkins*, 422 S.W.3d 789, 797 (Tex. App.—Corpus Christi 2013, pet. denied)).

[4] This order is not in the record. The record also does not contain a transcript from the summary-judgment hearing held on June 6, 2016.

[5] This order also is not in the record.

motion for partial summary judgment. In doing so, the trial court expressly stated that "[a]s between [the Trust] and Izen, [the Trust] is the owner of the Property" and "[t]he Constable's Deed is set aside." That same day, the trial court signed an order denying Izen's and the Edwardses' plea to the jurisdiction.

The Trust filed a motion for severance of the partial summary judgment, which the trial court granted by order signed March 1, 2017. Specifically, the trial court severed out "[the Trust]'s causes of action for declaratory judgment and in trespass to try title brought against . . . Izen" into cause no. 2014-43610-A, and styled, "East Texas Investments Trust v. Joe Alfred Izen, Jr." The trial court did not sever out any other parties or claims. The trial court specifically ordered that the amended summary judgment signed on July 25, 2016, was now a final judgment and was appealable.[6]

Izen and the Edwardses filed their original motion for new trial on March 31, 2017, which motion was overruled by operation of law as of May 15, 2017. *See* Tex. R. Civ. P. 306a(1), 329b(a), (c). Izen and the Edwardses filed their notice of appeal on May 30, 2017. *See* Tex. R. App. P. 26.1(a)(1). In their notice of appeal from cause no. 2014-43610-A, Izen and the Edwardses stated they:

> desire to appeal the Order for Severance[7] and the Final Judgment of this Court entered on the 1st day of March, 2017, against the Defendants, Joe Alfred Izen, Jr., and Ray Edwards and Bonnie Edwards d/b/a Big Man Diesel, and in favor of Cross-Plaintiff, Kenneth Ryals, Trustee of the [the Trust], severing Cause No. 2014-43610 severing [sic] certain cause of action into Cause No. 2014-43160A and entering

---

[6] Also, on March 1, 2017, the trial court signed a severance order granting a motion for severance filed by CIG Comp Tower, LLC. The trial court ordered that the clerk create a new lawsuit with cause no. 2014-43610B, and styled, "CIG Comp Tower, LLC vs. Joe Alfred Izen, Jr., and Kenneth Ryals, as Trustee of the East Texas Investment[s] Trust." The appeal Izen filed in that case has been abated pending the disposition in this appeal.

[7] Izen and the Edwardses do not raise any issue on appeal challenging the trial court's granting of the Trust's motion to sever.

Final Judgment to the Court of Appeals.

## II. THE EDWARDSES' APPEAL

The record reflects that claims involving the Edwardses were still pending at the time of the severance order. Nothing in the amended summary judgment or the severance order (1) unequivocally expresses an intent to finally dispose of the entire case or (2) effects an actual disposition of all parties and claims remaining in the case at the time the order was signed. *See Lentino v. Frost Nat'l Bank*, 159 S.W.3d 651, 653 (Tex. App.—Houston [14th Dist.] 2003, no pet.). The severance order only severs the Trust's declaratory-judgment and title claims against Izen and specifically makes only the amended summary judgment a final judgment.

On March 27, 2019, notification was transmitted to all parties of the court's intent to dismiss the Edwardses' appeal for want of jurisdiction. *See* Tex. R. App. P. 42.3(a). Izen's and the Edwardses' response has not shown that this court has jurisdiction to hear the Edwardses' appeal. Because there is no final judgment from which Ray Edwards and Bonnie Edwards may take an appeal, *see Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001), we dismiss the Edwardses' appeal for lack of jurisdiction.

## III. ANALYSIS IN IZEN'S APPEAL

Izen brings five issues. First, he challenges the trial court's grant of the Trust's traditional motion for partial summary judgment and the denial of Izen's traditional cross-motion for partial summary judgment and no-evidence summary-judgment motion. Second, Izen challenges the trial court's denial of his plea to the jurisdiction. Third, Izen attacks the trial court's denial of his motion for new trial. Fourth, he challenges the trial court's actions in expunging notices of lis pendens filed by Izen and entering an injunction against him without requiring the Trust to post a bond. And fifth, Izen contends that a May 2018 federal-court jury verdict and final

judgment established Izen's rights as a mortgagee in possession based on res judicata and collateral estoppel.

## A. Subject-matter jurisdiction over the Trust's claims

We initially address issue two, as it challenges subject-matter jurisdiction, which is never presumed and cannot be waived. *See Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 443–44, 445 (Tex. 1993). "Whether the trial court has subject matter jurisdiction is a question of law that we review de novo." *Appraisal Review Bd. of Harris Cty. Appraisal Dist. v. Spencer Square Ltd*, 252 S.W.3d 842, 844 (Tex. App.—Houston [14th Dist.] 2008, no pet.). We conclude that the trial court had subject-matter jurisdiction over the Trust's claims.

Izen does not dispute, and Texas law supports, that the trial court, as a district court, properly would have subject-matter jurisdiction over the Trust's title and declaratory-judgment claims.[8] However, Izen contends the Trust's claims were "crooked maneuverings" that constituted "an impermissible collateral attack on the mandatory terms of the [July 2010] Final Judgment." The Trust responds that it filed its claims to settle "the question of whether [the Trust] or Izen had title," not to attack

---

[8] *See* Tex. Const. art. V, § 8 (district court has exclusive, original jurisdiction of "all actions, proceedings, and remedies," except when constitution or other law confers jurisdiction on some other court); Tex. Gov't Code Ann. § 24.007 ("The district court has the jurisdiction provided by Article V, Section 8 of the Texas Constitution."); Tex. Prop. Code Ann. §§ 22.001–.045 (governing trespass-to-try-title actions); *Coinmach Corp. v. Aspenwood Apartment Corp.*, 417 S.W.3d 909, 918–19 (Tex. 2013) (party may sue in district court to obtain adjudication of its title); *Tex. Parks & Wildlife Dep't v. Sawyer Tr.*, 354 S.W.3d 384, 389 (Tex. 2011) ("Generally, a trespass to try title claim is the exclusive method in Texas for adjudicating disputed claims of title to real property."); *Meekins v. Wisnoski*, 404 S.W.3d 690, 694–97 (Tex. App.—Houston [14th Dist.] 2013, no pet.) (substance of plaintiff's claim was trespass-to-try-title action rather than declaratory-judgment action when claim required determination of who, after sale by receiver of estate property, had title to portion of property); *Inman v. Orndorff*, 596 S.W.2d 236, 238–39 (Tex. App.—Houston [1st Dist.] 1980, no writ) ("The trial court had jurisdiction of the cause of action seeking to set aside the constable's deed as a cloud on [plaintiff's] title."); *see generally Lance*, 543 S.W.3d at 738 ("We have never addressed the nuanced differences between quiet-title claims, trespass-to-try-title claims, and modern declaratory-judgment claims in any real depth.").

the July 2010 final judgment, and that its claims were based on events occurring after the July 2010 final judgment.

Our review of the Trust's live pleading (second amended cross-action against Izen) does not reveal that the Trust sought to "avoid the binding force" of any portion of the July 2010 final judgment. *See Browning v. Prostok*, 165 S.W.3d 336, 346 (Tex. 2005) (defining collateral attack as "an attempt to avoid the binding force of a judgment in a proceeding not instituted for the purpose of correcting, modifying, or vacating the judgment, but in order to obtain some specific relief which the judgment currently stands as a bar against"). Regarding the July 2010 final judgment, the Trust alleged: "By final judgment in that suit, Ryals, as trustee, was, again, adjudicated the fee simple title owner of the tract. That judgment is valid, subsisting." Therefore, the Trust did not seek to collaterally attack the July 2010 final judgment.[9]

Izen also argues that the trial court was not "free to enter a modified summary judgment which rewrote the terms" of the July 2010 final judgment. He contends that the terms were binding on the trial court and the court's "refusal to enforce those terms was a gross abuse of discretion." Izen does not otherwise describe or explain what terms the trial court allegedly rewrote and refused to enforce. Our review of the amended summary judgment does not reveal that the trial court rewrote or refused to enforce the July 2010 final judgment.[10]

We overrule Izen's second issue.

---

[9] Izen cites cases for the proposition that one who accepts the fruits of a judgment is estopped from asserting its invalidity. *See Marshall v. Lockhead*, 245 S.W.2d 307, 308 (Tex. App.—Waco 1952, writ ref'd n.r.e.); *Mueller v. Banks*, 332 S.W.2d 783, 786 (Tex. App.—San Antonio 1960, no writ). Such cases are distinguishable; the Trust did not allege that the July 2010 final judgment was invalid, but instead was "valid" and "subsisting."

[10] The case on which Izen relies does not persuade us otherwise. *See Lone Star Cement Corp. v. Fair*, 467 S.W.2d 402, 406 (Tex. 1971) (orig. proceeding) (determining judgment nunc pro tunc corrected judicial errors in prior judgment and therefore was void).

## B. Summary judgment in favor of the Trust

In his first issue, Izen argues that the trial court erred "when it denied [his] cross-motion(s) for traditional and no evidence motion for summary judgment and granted [the Trust's] motion for summary judgment." The trial court's severance order did not sever Izen's cross-claims against the Trust and Ryals into the separate cause or finally dispose of such claims. The amended summary judgment made final and appealable by the severance order does not state that the trial court considered Izen's traditional cross-motion for partial summary judgment and no-evidence motion for summary judgment; rather, it states that the trial court considered the Trust's traditional motion for partial summary judgment filed on April 26, 2016, "together with the response, summary judgment evidence and oral argument." Nor does the severance order state that any order by the trial court denying Izen's summary-judgment motions was now made a final judgment and appealable. On this record, we cannot conclude that the trial court ruled on competing motions for summary judgment. *See Novak v. Stevens*, 596 S.W.2d 848, 849 (Tex. 1980) (interlocutory denial of summary-judgment motion is not appealable unless parties file competing summary judgments). Therefore, we may not review the denial of Izen's motions, and we limit our review to the arguments Izen raised in response to the Trust's summary-judgment motion.

### 1. The Trust conclusively established its claims.

In its traditional motion for partial summary judgment, the Trust argued that it had sufficient evidence to conclusively prove each element of its claims for trespass to try title and quiet title. According to the Trust, it was entitled to summary judgment on its "claim to title to the real property and to declare Izen's Constable's deed invalid." We first consider whether the Trust conclusively proved all essential elements of its claims to establish its right to judgment as a matter of law. *See* Tex.

10

R. Civ. P. 166a(c).

To prove a trespass-to-try-title claim, a plaintiff must establish one of the following: (1) a regular chain of conveyances from the sovereign; (2) a superior title from a common source; (3) title by limitations; or (4) title by prior possession that was not abandoned. *Martin v. Amerman*, 133 S.W.3d 262, 265 (Tex. 2004); *see generally* Tex. Prop. Code Ann. § 22.001. The plaintiff need only establish one of the four accepted methods to recover. *See Kennedy Con., Inc. v. Forman*, 316 S.W.3d 129, 138 (Tex. App.—Houston [14th Dist.] 2010, no pet.). To prevail in a trespass-to-try-title action, the plaintiff must prove the strength of his own title and not the weakness of the defendant's title. *Rogers v. Ricane Enters., Inc.*, 884 S.W.2d 763, 768 (Tex. 1994). In its summary-judgment motion, the Trust argued that it conclusively proved both (1) a regular chain of conveyances from the sovereign and (2) superior title from a common source. We conclude that the Trust established its right to title by proving superior title from a common source.

A plaintiff seeking summary judgment on his suit to quiet title must prove: (1) he has a right of ownership and (2) the adverse claim is a cloud on the title that equity will remove. *Essex Crane Rental Corp. v. Carter*, 371 S.W.3d 366, 388 (Tex. App.—Houston [1st Dist.] 2012, pet. denied). Such a claim relies on the invalidity of the opposing party's claim to the property. *Id.* A cloud on title that equity will remove exists when a claim or encumbrance is shown, which on its face, if valid, would affect or impair the title of the property owner. *Id.* The effect of a suit to quiet title is to declare invalid or ineffective the defendant's claim to title. *Id.*

*Superior title from a common source.* To prevail on a claim of superior title out of a common source, the plaintiff must show a complete chain of title for its claim from the common source, connect the defendant's title to the same source, and, in the process, show the superiority of its claim to the defendant's. *Dames v.*

11

*Strong*, 659 S.W.2d 127, 131 (Tex. App.—Houston [14th Dist.] 1983, no writ). Generally, the holder of older title from a common source holds superior title, unless a holder of later title shows that he acquired title as a bona fide purchaser for value and without notice of an earlier existing interest. *Wells v. Kan. Univ. Endowment Ass'n*, 825 S.W.2d 483, 486 (Tex. App.—Houston [1st Dist.] 1992, writ denied). The Trust asserted that it had superior title based on the July 2010 final judgment. The Trust argued that any possible claim or cloud of title to the property held by defendants Ogden, W. Westbrook, and Gayle was judicially removed by the July 2010 final judgment, which decreed that Ryals, as trustee for the Trust, have and recover "title in fee simple" to the property against and from Ogden, W. Westbrook, and Gayle, and that Ogden, W. Westbrook, and Gayle take nothing on their trespass-to-try-title claims.

The Trust contended that based on the July 2010 final judgment at the time of the constable's sale in June 2013, Ogden, W. Westbrook, and Gayle did not own any interest in the property. Because the July 2010 final judgment vested title in fee simple in the Trust and predated the constable's sale, the Trust argued that its title was superior to Izen's purported title. *See Diversified, Inc. v. Hall*, 23 S.W.3d 403, 406 (Tex. App.—Houston [1st Dist.] 2000, pet. denied) ("Generally, the earlier title emanating from a common source is better title and superior to others."); *see also Longoria v. Lasater*, 292 S.W.3d 156, 165 (Tex. App.—San Antonio 2009, pet. denied) (op. on reh'g) ("'Perfect title' means fee simple title, or 'a title that does not disclose a patent defect that may require a lawsuit to defend it . . . title that is good both at law and in equity.'"); *Fee Simple*, BLACK'S LAW DICTIONARY (10th ed. 2014) ("An interest in land that, being the broadest property interest allowed by law, endures until the current holder dies without heirs").

The Trust asserted that the constable's deed relied on by Izen amounted to a

quitclaim deed. *See Geodyne Energy Income Prod. P'ship I-E v. Newton Corp.*, 161 S.W.3d 482, 486 (Tex. 2005) ("In deciding whether an instrument is a quitclaim deed, courts look to whether the language of the instrument, taken as a whole, conveyed property itself or merely the grantor's rights."); *Hall*, 23 S.W.3d at 407 ("A quitclaim deed conveys any title, interest, or claim of the grantor, but it does not profess that the title is valid nor does it contain any warrant or covenants of title."). We agree. The language of the constable's deed conveyed "all of the estate, right, title and interest which the said LISA OGDEN, WAYNE WESTBROOK, AND STEVEN GAYLE had of, in and to the following land premises, viz: . . ." and did not warrant that title was valid. *See Hall*, 23 S.W.3d at 407 (constable's deed conveying "all of the estate, right, title and interest which the said [judgment debtor] had" and that did not contain any covenant of warranty found to be quitclaim deed).

Because the constable's deed was a quitclaim deed, the Trust argued that Izen was not a bona fide purchaser and could not show superior title. *See Madison v. Gordon*, 39 S.W.3d 604, 606 (Tex. 2001) (per curiam) ("Status as a bona fide purchaser is an affirmative defense to a title dispute."); *Hall*, 23 S.W.3d at 407 ("As the purchaser of a quitclaim deed, Diversified cannot enjoy the protections afforded a bona fide purchaser, because a grantee in a quitclaim deed is not an innocent purchaser without notice."). We again agree. Izen in the constable's deed received only what interests Ogden, W. Westbrook, and Gayle had in the property, which were no interests. And as the purchaser of a quitclaim deed who had notice of the Trust's earlier interest based on the July 2010 final judgment, Izen could not enjoy the protections of a bona fide purchaser. Even considered in the light most favorable to Izen, the summary-judgment record shows that the Trust conclusively established the strength of its title based on a superior title from a common source.

On appeal, Izen challenges the Trust's reliance on *Hall*,[11] arguing that in this case there was no common source of title because "Izen derived his title from the Constable's Sale out of Ryals, not some earlier predecessor in title."[12] We reject this argument. The Trust linked both its title and Izen's purported title based on the constable's deed to the "common source" of the July 2010 final judgment. The evidence shows that, as of the time of the constable's sale, the Trust—not Ogden, W. Westbrook, and Gayle—held title in fee simple to the property based on the July 2010 final judgment. Ogden, W. Westbrook, and Gayle took nothing on their title claims in the July 2010 final judgment. Next, Izen argues that even if the constable's deed was treated as a quitclaim deed, "a quit claim deed out of Ryals/[the Trust] . . . was more than enough to pass title" and "Izen's alleged lack of status as a bona fide purchaser for value is irrelevant." Again, we disagree. The constable's deed did not convey any interest of the Trust, but instead that of Ogden, W. Westbrook, and Gayle, who had no interest. As in *Hall*, Izen "received nothing more than a chance at title" and as the purchaser of a quitclaim deed did not enjoy the protections of a bona fide purchaser. *See* 23 S.W.3d at 407.

*Declaration setting aside constable's deed.* When the Trust conclusively proved its superior right of ownership to the property and when the recorded constable's deed presented a cloud on the Trust's title to the property that it was

---

[11] Izen did not address the applicability of *Hall* in the trial court. We construe this argument as an attack on the legal sufficiency of the Trust's common-source ground expressly relied on its summary-judgment motion, which Izen may raise for the first time on appeal. *See M.D. Anderson Hosp. & Tumor Inst. v. Willrich*, 28 S.W.3d 22, 23 (Tex. 2000) (per curiam) (citing *Rhône–Poulenc, Inc. v. Steel*, 997 S.W.2d 217, 223 (Tex. 1999), and *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678 (Tex. 1979)).

[12] In addition, the case relied on by Izen does not apply because the Trust was not the grantor in the constable's deed to Izen. *See Am. Sav. & Loan Ass'n of Houston v. Musick*, 517 S.W.2d 627, 630 (Tex. App.—Houston [14th Dist.] 1974), *rev'd on other grounds*, 531 S.W.2d 581 (Tex. 1975).

entitled to have removed, the trial court properly could declare in the amended summary judgment: "The Constable's Deed is set aside. As between [the Trust] and Izen, [the Trust] is the owner of the Property." *See I-10 Colony, Inc. v. Chao Kuan Lee*, 393 S.W.3d 467, 476–77 (Tex. App.—Houston [14th Dist.] 2012, pet. denied) (concluding that trial court was able to make "declarations" regarding title in judgment); *Inman v. Orndorff*, 596 S.W.2d 236, 238–39 (Tex. App.—Houston [1st Dist.] 1980, no writ) (modifying judgment to "decree that the cloud cast on the title of [plaintiff] to the subject property by the deed issued by the constable to [defendant] be removed").

Because the Trust's traditional motion and summary-judgment evidence facially established its right to judgment as a matter of law, *see* Tex. R. Civ. P. 166a(c), we now consider whether Izen raised a genuine, material fact issue sufficient to defeat summary judgment, *see M.D. Anderson Hosp. & Tumor Inst. v. Willrich*, 28 S.W.3d 22, 23 (Tex. 2000) (per curiam).

### 2. Izen failed to raise a fact issue to avoid the Trust's summary judgment.

*Confirmation of the constable's sale.* Izen argues he can avoid summary judgment because he raised genuine issues of material fact that the constable's sale should be affirmed. According to Izen, the sale should be affirmed because (1) the price received was fair and (2) the constable's listing and sale of Ogden's, W. Westbrook's, and Gayle's equitable title to the property "was not an irregularity." Izen does not point us to, and we have not located, any authority providing the requisite elements of what is required to affirm a constable's sale, as opposed to set it aside, either as a cause of action or as an affirmative defense. *Cf. Beneficial Mortg. Corp.-B01 v. Lopez*, No. 04-03-00215-CV, 2005 WL 1224613, at *2 (Tex. App.— San Antonio May 25, 2005, no pet.) (mem. op.) ("A sheriff's sale of real property will be set aside only on proof of (1) an irregularity calculated to affect the sale, (2) a

15

grossly inadequate sales price, and (3) a causal connection between the irregularity and the selling price."). In any event, we assume without deciding that Izen could assert confirmation of the constable's sale as a defense to avoid summary judgment. We disagree, however, that Izen raised sufficient fact issues.

(1) Price received at sale. Regarding the adequacy of the sales price, Izen stated: "Izen's Declaration testimony establishe[d] that the Constable received a fair price for the property at the June 4, 2013, sale." Izen referenced a paragraph of his summary-judgment declaration, which stated "his opinion as current owner of record title of the disputed property" that "the price Joe Alfred Izen, Jr. paid for the property in question—$240,000.00 plus $113,199.87 plus $3,170.00 in the total amount of $356,369.87 was a fair consideration for a June 4, 2013 purchase of the disputed property at a public sale that was not grossly inadequate or inadequate sales price." In his brief, Izen points to a paragraph from Izen's declaration dated October 3, 2016, which referenced a tax-judgment exhibit that purportedly "contained a finding of the fair market value of the property as of the date the tax judgment was signed, October 22, 2013, in the amount of $401,407.00." We do not consider evidence that was not before the trial court when it ruled on the Trust's summary-judgment motion.[13] Even assuming that Izen properly was able to testify as to the value of the property for purposes of the property-owner rule,[14] and even considering the same evidence of the October 2013 tax judgment in Izen's declaration dated May 23, 2016 (which we

_____

[13] See Saad v. Valdez, No. 14-15-00845-CV, 2017 WL 1181241, at *7–*8 & n.3 (Tex. App.—Houston [14th Dist.] Mar. 30, 2017, no pet.) (mem. op.) ("We consider only evidence that was before the trial court at the time it ruled on the particular summary judgment motions being challenged."); McMahan v. Greenwood, 108 S.W.3d 467, 485 n.5 (Tex. App.—Houston [14th Dist.] 2003, pet. denied) (op. on reh'g).

[14] A property owner is qualified to testify to the value of his property, but his testimony must be substantiated by facts and may not be based solely on the owner's word. See Tex. R. Evid. 701; Nat. Gas Pipeline Co. of Am. v. Justiss, 397 S.W.3d 150, 156–59 (Tex. 2012); DZM, Inc. v. Garren, 467 S.W.3d 700, 703–05 (Tex. App.—Houston [14th Dist.] 2015, no pet.).

16

have located on our own in the summary-judgment record), Izen has not shown that the price received at the earlier constable's sale in June 2013 was fair. *See Preston Reserve, L.L.C. v. Compass Bank*, 373 S.W.3d 652, 663, 668 (Tex. App.—Houston [14th Dist.] 2012, no pet.) (trial court could not consider price at subsequent sale as evidence of fair market value at time of foreclosure sale without showing of comparable market conditions).[15]

*(2) Lack of irregularity of sale; conveyance of equitable title.* To support the lack of irregularity of the constable's sale and that Izen's title based on the constable's sale and deed was superior, Izen argued that the equitable interests and title of Ogden, W. Westbrook, and Gayle as trust beneficiaries were subject to sale by writ of execution. Izen also argued that such equitable title may prevail over bare legal title in a trespass-to-try-title suit. Even assuming without deciding that Izen presented sufficient legal grounds,[16] he did not present sufficient evidence to establish Ogden, W. Westbrook, and Gayle were beneficiaries of the Trust owning equitable title to the property. Izen relied on his declaration, which simply states: "Lisa Ogden, Wayne Westbrook, and Steven Gayle, were the beneficiaries of the East Texas Investments Trust." Such a broad, conclusory statement without underlying factual support does not constitute competent summary-judgment evidence. *See Arkoma Basin Expl. Co., Inc. v. FMF Assocs. 1990-A, Ltd.*, 249 S.W.3d 380, 389 & n.32 (Tex. 2008); *Doherty v. Old Place, Inc.*, 316 S.W.3d 840,

---

[15] In his response, Izen recognized: "The fairness of the price received, whether the consideration paid was 'inadequate' or even 'grossly inadequate,' must be determined as of the date of sale and the condition of the property and title being sold."

[16] *See Longoria*, 292 S.W.3d at 165 ("An owner of a superior equitable title may recover in a trespass to try title action if the record shows the equitable title is superior to the defendant's bare legal title."); *Brelsford v. Scheltz*, 564 S.W.2d 404, 406 (Tex. App.—Houston [1st Dist.] 1978, writ ref'd n.r.e.); *Jensen v. Wilkinson*, 133 S.W.2d 982, 986–87 (Tex. App.—Galveston 1939, writ dism'd judgm't cor.) (op. on reh'g).

845 (Tex. App.—Houston [14th Dist.] 2010, no pet.) (op. on reh'g) ("Appellant's statements that he claims 'fee simple title' to the property based on his prior possession of the land without abandonment or, alternatively, his occupation of the land in peaceable and adverse possession are merely conclusory and unsupported by factual evidence."). Izen also relied on our opinion affirming the July 2010 final judgment. However, there, we did not address or determine any status or equitable title of Ogden, W. Westbrook, and Gayle as beneficiaries of the Trust; our only reference was to these parties as "purported beneficiaries." *See Ogden*, 2012 WL 3016856, at \*1.

*Izen as party to judgment or judgment creditor.* Also, Izen sought to support the validity of the constable's sale and show the superiority of Izen's constable's deed on the ground that "a judgment awarding attorney's fees directly to a party's attorney is valid and enforceable." In other words, "Izen was entitled to collect the attorney's fees awarded him by the July 29, 2010 Final Judgment." Similarly, on appeal, Izen argues that he was a party to and a creditor under the July 2010 final judgment entitled to a writ of execution and to collect his attorney's fees. We disagree. Our review of the July 2010 final judgment does not indicate that Izen was himself a party in the 2007 case or that the trial court made any award of attorney's fees directly to Izen. Accordingly, the authorities cited by Izen do not apply.[17]

---

[17] *See, e.g.*, *Gulf, C. & S.F. Ry. Co. v. Cooper*, 77 S.W. 263, 266 (Tex. App.—Galveston 1903, no writ) (because judgment rendered in favor of plaintiff's attorney for half of amount recovered as contingent fee "in no wise affect[ed]" defendant, its complaint regarding same was not allowed); *Rampy v. Rampy*, 432 S.W.2d 175, 176–77 (Tex. App.—Houston [14th Dist.] 1968, no writ) (discussing cases in which divorce judgment ordered defendant to directly pay attorney's fees to plaintiff's attorney). In his brief, Izen also relies on *Sommers v. Concepcion*, 20 S.W.3d 27, 32 (Tex. App.—Houston [14th Dist.] 2000, pet. denied). However, the cited portion of the case pertains to a nonprecedential, unpublished appeal in which a trial court order recognized that an attorney could enforce his contract for attorney's fees. *See Velasquez v. Lunsford*, No. 14-95-00172-CV, 1996 WL 544429, at \*1 (Tex. App.—Houston [14th Dist.] Sept. 26, 1996, no writ) (not designated for publication). Izen has not cited, and we have not located in the record, any trial court order recognizing that Izen had any claim based on a contract with the Trust for his attorney's

18

Rather, the July 2010 final judgment expressly decreed that Ryals as trustee of the Trust recover reimbursement from the Trust for $160,000 in Izen's legal services for Trust. The July 2010 final judgment ordered that Ryals as trustee of the Trust have all writs of execution and possession necessary for the enforcement of the judgment. While the July 2010 final judgment provided that Ryals pay Izen his $160,000 attorney's fees from the proceeds of a public sale of the property, it was Ryals as trustee of the Trust, *not Izen*, who was awarded reimbursement and all writs.

*Quasi- and judicial estoppel.* In his response, Izen argued that by claiming title under the July 2010 final judgment the Trust was judicially estopped from collaterally attacking the enforcement of that judgment's provisions requiring sale of the property and payment of attorney's fees. Likewise, on appeal, Izen argues that "judicial estoppel barred Ryals from attempting to prevent a constable's sale and payment of Izen's attorney's fees out of the sales proceeds." Izen also asserted quasi-estoppel as an affirmative defense. Both in the trial court and on appeal, Izen describes the Trust's conduct as acceptance of the benefits. *See supra* note 9; *see also Lopez v. Munoz, Hockema & Reed, L.L.P.*, 22 S.W.3d 857, 864 (Tex. 2000) ("[A]cceptance of the benefits, is a species of quasi-estoppel.").

Judicial estoppel precludes a party from adopting a position inconsistent with one that it successfully maintained in an earlier proceeding. *Pleasant Glade Assembly of God v. Schubert*, 264 S.W.3d 1, 6 (Tex. 2008). The doctrine of judicial estoppel applies if these elements are present: (1) a sworn, prior inconsistent statement made in a judicial proceeding; (2) the party now sought to be estopped

fees. Izen also cites *Nicholson v. Mills*, 227 S.W.2d 354 (Tex. App.—Galveston 1950, writ ref'd). In *Nicholson*, the face of the judgment stated that "said cause is dismissed at costs of plaintiffs, for which let execution issue; fee of auditor heretofore appointed being heretofore taxed as costs." *Id.* at 357; *see* Tex. R. Civ. P. 172 ("The court shall award reasonable compensation to such auditor to be taxed as costs of suit."). Izen's attorney's fees were not awarded to him or "taxed as costs" in the July 2010 final judgment.

successfully maintained the prior position; (3) the prior inconsistent statement was not made inadvertently or because of mistake, fraud, or duress; and (4) the statement was deliberate, clear, and unequivocal. *In re Marriage of Butts*, 444 S.W.3d 147, 151 (Tex. App.—Houston [14th Dist.] 2014, no pet.). The doctrine of quasi-estoppel precludes a person from asserting, to another's disadvantage, a right inconsistent with a position previously taken. *Lopez*, 22 S.W.3d at 864. Quasi-estoppel applies when it would be unconscionable to allow a person to maintain a position inconsistent with one in which he acquiesced. *Id.*

We reject Izen's attempts to invoke these related defensive doctrines. Below and on appeal, Izen generally points to trial testimony by Ryals in the 2007 case where Ryals stated he was asking the trial court to "[p]ay all of the due debts [sic] to it and all of the attorney fees that's been accumulated what we had to defend and try the cases" out of "the proceeds of the [property] sale" and stated he thought all court-ordered moneys "ought to be paid." Izen also points to the Trust's response to a request for admission in which the Trust admitted that it was "dissatisfied with the jury award to Ryals of Eight Thousand ($8,000.00) Dollars instead of the amounts Ryals claimed for reimbursement which the jury rejected." However, statements in support of the payment of the Trust's debts out of the sale of the property and disappointment with a portion of the July 2010 final judgment are not necessarily inconsistent with the Trust's title challenge under circumstances where Izen obtained a writ of execution on a judgment to which he was not a party or creditor, purchased at a constable's sale nonexistent interest on property, and received a quitclaim constable's deed. Nor does Izen explain how it would be unconscionable to allow the Trust to maintain its title challenge.

*Ryals's authorization; Izen's implied authority.* On appeal, Izen asserts that "Ryals authorized Izen to sell the Highway 59 property at constable's sale in order

20

to pay [the Trust]'s attorney's fees, costs, and debts." We have not located where in his response Izen raised Ryals's authorization as a ground to avoid summary judgment. However, in its amended summary-judgment order, the trial court stated: "Izen claims he conducted the constable's sale with authority from his client, but he admitted at the hearing that he has no summary judgment evidence which supports that position." The trial court also stated: "Izen had no authority to conduct the constable's sale which resulted in the Constable's Deed." Therefore, we will consider this subissue.

Izen argues that the "trial court cannot try summary judgment fact issues by oral testimony at a summary judgment hearing." Izen claims that he never made any statement admitting "that he had no summary judgment evidence proving that Ryals authorized the execution sale." Izen does not cite any portion of the record in support. *See* Tex. R. App. P. 38.1(g), (i). Nor does the record contain a transcript of the June 6, 2016 summary-judgment hearing. In any event, contrary to his contention, Izen did not "produce[] evidence that Ryals authorized the issuance of the writ of execution and the Constable's Sale." Izen again points to Ryals's testimony in the 2007 case trial where Ryals stated that he was asking the trial court to "[p]ay all of the due debts [sic] to it and all of the attorney fees that's been accumulated what we had to defend and try the cases" out of "the proceeds of the [property] sale" and stated he thought all court-ordered moneys "ought to be paid." Izen also points to Ryals's State Bar grievance complaint form against Izen, in which Ryals stated:

> At this point, unbeknownst, nor the way I would have handled the sell [sic]. I was told to meet Izen by Izen at this auction. The property should have been sold so the max amount of money that the property is worth could have been recovered for the beneficiaries and myself.

> Izen then bought this property and with two constables stole the

21

proceeds of the sale. This sale was a secret sale.[18]

Finally, Izen points to his summary-judgment affidavit and declaration in support. In Izen's affidavit, he referenced Ryals's trial testimony in the 2007 case. In Izen's declaration,[19] he stated: "There was no 'secret sale.' I fully informed Ryals of the details of the sale including the date and time and location and that Ryals was free to bid." Izen also stated:

> Prior to the date of the June 4, 2016 [sic] sale, I instructed Kenneth Ryals, as Managing Trustee for [the Trust], to attend the sale and to meet me at the sale and specifically informed him of the place, date and time, June 4, 2013. I instructed Ryals to arrive on that date at the Family Law Building where the sale was to be held. Ryals arrived at the Family Law Building where the sale was to take place [sic] until the sale began. Ryals remained at the Family Law Building where the sale took place and was present when the sale was called, bids were received on the property, the successful bidder was declared, and the sale ended.

None of this evidence shows that Ryals as trustee of the Trust authorized Izen with regard to issuance of the writ of execution and constable's sale in favor of Izen. *See Authorization*, BLACK'S LAW DICTIONARY (10th ed. 2014) ("Official permission to do something; sanction or warrant."); *see also Authority*, BLACK'S LAW DICTIONARY (10th ed. 2014) ("The official right or permission to act, esp. to act legally on another's behalf; esp., the power of one person to affect another's legal relations by acts done in accordance with the other's manifestations of assent; the power delegated by a principal to an agent."). Izen declared that he "ordered the Writ of Execution" without any mention of doing so on behalf of the Trust or Ryals as trustee of the Trust. The constable's deed does not state that the writ of execution

---

[18] This last sentence was handwritten.

[19] Izen again relies on his declaration dated October 3, 2016, which was not before the trial court when it ruled on the Trust's traditional motion for partial summary judgment. *See supra* note 13. We consider instead similar paragraphs included in Izen's declaration dated May 23, 2016.

was issued in favor of the Trust or Ryals as trustee of the Trust, but rather in favor of Izen as a "plaintiff" who "recovered a judgment against" Ogden, W. Westbrook, and Gayle. *See* Tex. R. Civ. P. 629 (writ of execution "shall describe the judgment, stating . . . the names of the parties in whose favor and against whom the judgment was rendered"). That Ryals approved of funds from a sale of the property being used to pay for the Trust's debts is not evidence that Ryals authorized Izen as a nonparty to the July 2010 final judgment to obtain a writ of execution in Izen's name for a constable's sale. That Izen informed Ryals of the date, time, and place of the constable's sale and that Ryals attended is not evidence that Ryals authorized Izen to order a writ of execution in Izen's favor to conduct such constable's sale.[20]

Izen also contends that "Izen's authority to order the writ of execution and to obtain a constable's sale of the property as ordered in the July 29, 2010 final judgment was implied." That is, as part of his "representation of Ryals/[the Trust]," Izen was taking action "necessary to enforce the client's case." Izen fails to include any citations to the record in this section of his argument and therefore did not adequately brief this subissue. *See* Tex. R. App. P. 38.1(i). In any event, Izen does not explain, and we fail to see, how obtaining a writ of execution and constable's sale *in Izen's own favor as a nonparty*, as opposed to in favor of the Trust, which was to have all writs of execution and possession as the successful party under the July 2010 final judgment, would fall within the scope of any continued representation of the Trust. *See* Tex. R. Civ. P. 629; *Gavenda v. Strata Energy, Inc.*, 705 S.W.2d 690, 693 (Tex. 1986) ("[A]cts and omissions within the scope of [an

---

[20] Izen contends that any complaint by the Trust concerning the constable's sale or the provisions of the July 2010 final judgment amounts to "invited error." Izen does not explain how the doctrine of invited error would apply under circumstances in which Izen did not present evidence of Ryals's authorization for the sale and the Trust did not challenge the July 2010 final judgment.

attorney's] employment are regarded as the client's acts."); *see also Implied Authority*, BLACK'S LAW DICTIONARY (10th ed. 2014) ("Authority intentionally given by the principal to the agent as a result of the principal's conduct, such as the principal's earlier acquiescence to the agent's actions.").[21]

*Ability of attorney to bid at sale;"misrecital" in the constable's deed; inequitable conduct; and public policy.* On appeal, Izen argues that when Ryals for the Trust authorized the issuance of the writ of execution and the constable's sale, Izen was not "out of line" when he successfully bid at the sale of his client's property to collect his attorney's fees. We already have determined that Izen did not present evidence of authority or implied authority.

Izen also contends that the constable's deed merely contained a "misrecital" or "technicality" "that the right, title, and interest, of the [Trust] beneficiaries (equitable title) was being sold and conveyed to Izen instead of the legal title of Ryals/Trustee." Izen contends that such misrecital "did not effect [sic] the title passed to Izen" or the sales price of the property. In addition, Izen argues that "Ryals/[the Trust]" cannot invoke equity to force another constable's sale without showing that another sale would bring a higher price and without "payment of the just debt which [the Trust] owed Izen" for his legal work. Finally, Izen asserts that Texas public policy upholds constable's sales wherever possible. Because Izen did not raise any of these arguments in his response, we do not consider these grounds on appeal to avoid summary judgment. *See* Tex. R. Civ. P. 166a(c); Tex. R. App. P. 33.1(a); *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678 (Tex. 1979).

---

[21] The case Izen cites does not support his position. *See Clint Indep. Sch. Dist. v. Cash Inv., Inc.*, 970 S.W.2d 535, 537 (Tex. 1998) ("A valid judgment, execution, and sale are required to pass title to property at an execution sale.").

*Validity of lease; possession; reimbursement.* Also, within his first issue, Izen attempts to challenge "another summary judgment issued in favor of Ryals purporting to hold the month-to-month [lease] between Izen and [the Edwardses] which paid the advalorem [sic] taxes on the Highway 59 property invalid." In September 2016, the Trust filed a traditional motion for partial summary judgment against the Edwardses on the Trust's claim that no lease agreement exists between the Trust and the Edwardses and for issuance of a writ of possession of the property.

Izen further contends that "Ryals failed to tender prompt payment of the attorney's fees and reimbursement of advalorem [sic] taxes and costs, with interest, and lost any right to redeem the property after the constable's sale." In October 2016, Izen and the Edwardses filed a traditional motion for partial summary judgment "to enforce their rights to remain in possession of the property sold by the Constable's Deed until Ryals pays reimbursement."

Izen fails to include any citations to the record in these sections of his argument and therefore did not adequately brief these subissues. *See* Tex. R. App. P. 38.1(i). In any event, the trial court did not address or finally dispose of any lease or possession claims by the Trust against the Edwardses or any reimbursement or possession claims by Izen or the Edwardses against the Trust or Ryals in the July 2016 amended summary-judgment order. Nor did the severance order include or finally dispose of such claims or specify that rulings relating to such claims, if any, were now final and appealable. Therefore, we lack jurisdiction to review these subissues. *See Lehmann*, 39 S.W.3d at 195; *Lentino*, 159 S.W.3d at 653.

Having reviewed the summary-judgment evidence under well-established standards, *see* Tex. R. Civ. P. 166a(c); *Goodyear Tire & Rubber Co. v. Mayes*, 236 S.W.3d 754, 755 (Tex. 2007) (per curiam); *City of Keller v. Wilson*, 168 S.W.3d 802, 822–24 (Tex. 2005), we conclude that the trial court did not err in granting the

Trust's traditional motion for partial summary judgment.

We overrule Izen's first issue.

### 3. Izen's motion for new trial

In Izen's related third issue, he challenges the trial court's denial of his motion for new trial.[22] We will reverse a trial court's ruling on a motion for new trial only for an abuse of discretion. *See Director, State Employees Workers' Comp. Div. v. Evans*, 889 S.W.2d 266, 268 (Tex. 1994).

> Izen contends:

> The trial court ignored all of the points raised by Izen . . . in the Motion for New Trial and refused to modify its ruling that Izen had no right to receive payment of the attorney's fees awarded directly to him under the July 29, 2010 Final Judgment and that Izen . . . had failed to produce any summary judgment evidence that Ryals approved the issuance of a writ of execution and Constable's Sale.

Izen argues the trial court's ruling was "manifest error" and his motion should have been granted. However, he fails to cite to any portion of the record or any legal authority. *See* Tex. R. App. P. 38.1(i). Izen also fails to provide any substantive analysis of "the points" raised in his new-trial motion or explain how the trial court abused its discretion. Because Izen inadequately briefed this issue, we do not consider it. *See Canton-Carter v. Baylor Coll. of Med.*, 271 S.W.3d 928, 931–32 (Tex. App.—Houston [14th Dist.] 2008, no pet.).

We overrule Izen's third issue.

---

[22] Izen refers to a motion for new trial denied "by a separate order dated May 30, 2018 [sic]." However, the only timely motion Izen filed in relation to the July 2016 amended summary judgment made final and appealable by the trial court's March 2017 severance order was the motion for new trial filed on March 31, 2017, which was overruled by operation of law as of May 15, 2017.

## C. Lis-pendens expunction and temporary-injunction order

In his fourth issue, Izen challenges the trial court's actions in expunging the lis pendens filed by Izen and in entering an injunction against him without requiring the Trust to post a bond. We lack jurisdiction over this issue.

The final judgment in this case was signed on March 1, 2017, when the trial court granted the Trust a severance of its title and declaratory-judgment claims and made the July 2016 amended summary judgment a final, appealable judgment. *See Diversified Fin. Sys., Inc. v. Hill, Heard, O'Neal, Gilstrap & Goetz, P.C.*, 63 S.W.3d 795, 795 (Tex. 2001) (per curiam) ("As a rule, the severance of an interlocutory judgment into a separate cause makes it final."). Izen expressly noted in his notice of appeal that he was appealing from the judgment "signed on the 1st day of March, 2017." Izen stated that he filed his motion for new trial on March 31, 2017, which was overruled by operation of law on May 15, 2017. *See* Tex. R. Civ. P. 306a(1), 329b(a), (c). Izen's notice of appeal, filed on May 30, 2017, was timely. *See* Tex. R. App. P. 26.1(a).

The trial court signed its order granting the Trust's motion to expunge Izen's notice of lis pendens on May 22, 2017. In this order, the trial court ordered two notices of lis pendens filed by Izen on March 13, 2017 and April 21, 2017 expunged. The trial court also ordered Izen to cease and desist from filing additional notices of lis pendens involving the property.

The trial court signed its severance order over two-and-a-half months before the court signed its expunction order. *See Lee v. Lee*, 528 S.W.3d 201, 210–11 (Tex. App.—Houston [14th Dist.] 2017, pet. denied) (interlocutory order only becomes appealable when merged into subsequent, final, appealable order). In addition, Izen did not state in his notice of appeal that he was appealing from an order signed May 22, 2017. *See* Tex. R. App. P. 25.1(d)(2) (notice of appeal must "state the date of the

27

judgment or order appealed from"). Therefore, Izen did not preserve any available appeal[23] from the trial court's May 22, 2017 order.

Consequently, we do not consider Izen's fourth issue.

## D. Res judicata and collateral estoppel

In his fifth issue, Izen argues that a federal-court jury verdict and an amended final judgment entered in May 2018 "required reversal and rendition of this cause on appeal" in his favor. We reject Izen's attempts to rely on principles of res judicata and collateral estoppel.

First, we do not consider documents an appellant appends to his brief that are not contained in the record. *See Bencon Mgmt. & Gen. Contracting, Inc. v. Boyer, Inc.*, 178 S.W.3d 198, 210–11 (Tex. App.—Houston [14th Dist.] 2005, no pet.). In any event, Izen asserts that such jury verdict and amended final judgment present the "last final judgment" upholding "Izen's claim to rights as a mortgagee in possession." However, as Izen acknowledges in his brief, "[t]he trial court below did not adjudicate that claim." And, as discussed above, the trial court did not sever or issue any final judgment on Izen's claims. Moreover, Izen did not raise the doctrines of res judicata and collateral estoppel based on any federal-court litigation in his summary-judgment response. *See* Tex. R. Civ. P. 166a(c); Tex. R. App. P. 33.1(a); *Clear Creek Basin Auth.*, 589 S.W.2d at 678. Finally, Izen does not explain, and we fail to see, how any verdict and final judgment entered more than a year after the final summary judgment in this case, would support res judicata or collateral

---

[23] *Compare Marks v. Starratt*, No. 14-09-00269-CV, 2009 WL 1312180, at *1 (Tex. App.—Houston [14th Dist.] May 7, 2009, no pet.) (mem. op.) (per curiam) (no statute provides for appeal from interlocutory order that cancels lis pendens) *with id.* (indicating orders enjoining filing of lis pendens are appealable interlocutory orders for temporary injunction (citing Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a)(4))).

estoppel.[24]

We overrule Izen's fifth issue.

## IV. CONCLUSION

The Edwardses' interlocutory appeal is dismissed for lack of jurisdiction. We affirm the trial court's judgment as to all Izen's issues over which we have jurisdiction.

/s/    Charles A. Spain
Justice

Panel consists of Justices Christopher, Bourliot, and Spain.

---

[24] *See Johnson & Higgins of Tex., Inc. v. Kenneco Energy, Inc.*, 962 S.W.2d 507, 521 (Tex. 1998) (doctrine of collateral estoppel applies when issue was fully and fairly litigated in prior action and was essential to judgment in prior action); *Amstadt v. U.S. Brass Corp.*, 919 S.W.2d 644, 652 (Tex. 1996) (res judicata precludes relitigation of claims that have been finally adjudicated or arise out of same subject matter and could have been litigated in prior action). We express no opinion regarding the applicability of collateral estoppel or res judicata based on any May 2018 federal-court verdict and judgment to any claims remaining among the parties.